48 So.2d 412 (1950)
ROSS
v.
GORE et al.
Supreme Court of Florida, en Banc.
October 31, 1950.
*413 Ross & Williams, Fort Lauderdale, for appellant.
Saunders, Buckley & O'Connell and McCune, Hiaasen, Fleming & Kelley, Fort Lauderdale, for appellees.
ROBERTS, Justice.
This appeal is from a final judgment entered in a libel suit instituted in the court below by the plaintiff-appellant against the defendant-appellees, the cause of action being based on an allegedly defamatory editorial which appeared in the Fort Lauderdale Daily News, a newspaper published by the defendant Gore Publishing Company. The defendants' demurrer to plaintiff's declaration was sustained, with leave to amend; and, upon plaintiff's failure to do so, final judgment for defendants was entered.
The major part of plaintiff's argument, upon this appeal, is directed to the constitutionality vel non of Chapter 16070, Laws of Florida, Acts of 1933, now appearing as Sections 770.01 and 770.02, Florida Statutes, same F.S.A., by which it is provided as follows:
"770.01 * * * Before any civil action is brought for publication, in a newspaper or periodical, of a libel, the plaintiff shall, at least five days before instituting such action, serve notice in writing on defendant, specifying the article, and the statements therein, which he alleges to be false and defamatory."
"770.02 * * * If it appears upon the trial that said article was published in good faith, that its falsity was due to an honest mistake of the facts, and that there were reasonable grounds for believing that the statements in said article were true, and that within ten days after the service of said notice a full and fair correction, apology and retraction was published in the same editions or corresponding issues of the newspaper or periodical in which said article appeared, and in as conspicuous place and type as was said original article, then the plaintiff in such case shall recover only actual damages."
The plaintiff here contends that the foregoing provisions of our law violate Sections 4 and 13 of the Declaration of Rights of the Florida Constitution, F.S.A., as well as the "due process" and "equal protection" clauses of the Fourteenth Amendment to the Federal Constitution. Section 4 of our Declaration of Rights guarantees that "every person for any injury done him in his lands, goods, person or reputation shall have remedy, by due course of law, and right and justice shall be administered without sale, denial or delay." Section 13, ibid., provides that "every person may fully speak and write his sentiments on all subjects being responsible for the abuse of that right * * *."
Plaintiff's questions going to the constitutionality of the statute may be stated as follows:
1. Is Section 770.02 unconstitutional in that it (a) denies punitive damages to a plaintiff under the circumstances therein specified and (b) limits the recovery under such circumstances to "actual damages"?
*414 2. If the provision as to notice contained in Section 770.01 is construed as requiring such notice as a condition precedent to suit, is this provision constitutional?
As to question No.1, plaintiff contends that the statute has "changed the amount of damages recoverable, and thus has unconstitutionally impaired appellant's rights." There is no merit to this contention. As to the denial of "punitive damages," such damages are allowed, not as compensation to a plaintiff, but as a deterrent to others inclined to commit a similar offense, and their allowance depends on malice, moral turpitude, wantonness or outrageousness of tort. Dr. P. Phillips & Sons, Inc., v. Kilgore, 152 Fla. 578, 12 So.2d 465. The right to have punitive damages assessed is not property; and it is the general rule that, until a judgment is rendered, there is no vested right in a claim for punitive damages. Kelly v. Hall et al., 191 Ga. 470, 12 S.E.2d 881; Osborn v. Leach, 135 N.C. 628, 47 S.E. 811. It cannot, then, be said that the denial of punitive damages has unconstitutionally impaired any property rights of appellant.
Moreover, since our statute, in effect, prohibits the assessment of punitive damages only after a retraction is made and only after the defendant has proved that the publication was made in good faith, under an honest mistake of the facts, and with reasonable grounds for believing that the statements were true, it would appear that even at common law, under such circumstances, punitive damages would not ordinarily have been recoverable. See the article by Morris entitled "Inadvertent Newspaper Libel and Retraction" appearing in 32 Illinois Law Review at page 36.
As to the provision limiting the plaintiff to the recovery of "actual damages," it will be noted that the statute does not define this term, nor have we been able to find a case in which this court has specified, categorically, the elements included in the term "actual damages." Since it is used synonymously with "compensatory damages" in many of our decided cases, we think it is fair to assume that "actual damages" mean "compensatory damages." A similar conclusion was reached by the courts of North Carolina and Alabama in construing statutes almost identical with the one here involved. See Osborn v. Leach, 135 N.C. 628, 47 S.E. 811; Comer v. Age Herald Pub. Co., 151 Ala. 613, 44 So. 673. We do not think, therefore, that the plaintiff can be heard to say that the statute denies him recompense for his injury, since he is entitled to recover actual damages sufficient to compensate him for any harm sustained and remaining unsatisfied after the publication of the retraction.
It is equally apparent, from what has been said before, that the statute has not relieved newspapers or periodicals from their responsibility, in a proper case, for abusing their right to "fully speak and write [their] sentiments on all subjects."
The plaintiff also argues that the statute grants a special privilege to newspapers and periodicals, and that this constitutes a violation of the "equal protection" clause of the Fourteenth Amendment to the Federal Constitution. We cannot agree with this conclusion. The statute holds a newspaper or periodical to the same liability for actual or compensatory damages as in the case of any other defendant. The opportunity to escape punitive damages exists only when there is good faith, honest mistake, and reasonable ground of belief before publication, coupled with a full and fair retraction. The provision for retraction is peculiarly appropriate to newspapers and periodicals, as distinguished from private persons. There is a valid difference in the classes, in this respect, which is sufficient to sustain the validity of the provision under the "equal protection" clause. While the Legislature might well have included radio broadcasting stations within the terms of the statute, a classification is not void because it does not embrace within it every other class which might be included. Hunter v. Flowers, Fla., 43 So.2d 435.
As to plaintiff's second question, he contends on this appeal that, even in the absence of notice and a retraction, his suit should not be dismissed, as it is still valid for the recovery of actual damages; and that if the provision as to notice is construed to be a condition precedent to suit, *415 such provision is unconstitutional. Neither of these contentions can be sustained.
"When the language of the statute is clear and unambiguous and conveys a clear and definite meaning, there is no occasion for resorting to the rules of statutory interpretation and construction; the statute must be given its plain and obvious meaning." A.R. Douglass, Inc., v. McRainey, 102 Fla. 1141, 137 So. 157. The statute provides, in clear and unmistakable terms, that "Before any civil action is brought for publication, in a newspaper or periodical, of a libel, the plaintiff shall * * * serve notice in writing on defendant * * *." It must be held, therefore, that the giving of notice in writing is a condition precedent to suit.
Moreover, to construe the statute otherwise would be to defeat what must have been one of the objectives of the Legislature in enacting the statute. We conceive that the statute was enacted not only to insure that newspapers and periodicals would be relieved, under the circumstances therein enumerated, of punitive damages, but also to afford to newspapers and periodicals an opportunity in every case to make a full and fair retraction in mitigation of the damages which a person may have suffered by reason of the publication. This objective is a salutary one, and we do not think it constitutes unjust discrimination in favor of newspapers and periodicals.
The public has an interest in the free dissemination of news. This interest was well stated by that great American, Thomas Jefferson, in the following words: "The only security of all is in a free press. The force of public opinion cannot be resisted, when permitted freely to be expressed. The agitation it produces must be submitted to. It is necessary to keep the waters pure. No government ought to be without censors: and where the press is free no one ever will." It is true that there are occasions when the freedom of the press is abused, just as some individuals abuse their right to speak and write their sentiments freely. But, in discussing this problem, Thomas Jefferson said: "Some degree of abuse is inseparable from the proper use of every thing; and in no instance is this more true, than in that of the press. It has accordingly been decided by the practice of the States, that it is better to leave a few of its noxious branches to their luxuriant growth, than by pruning them away, to injure the vigor of those yielding the proper fruits." The present statute provides sufficient safeguards against irresponsibility on the part of the press, were the statute to be made more stringent either by judicial interpretation or legislative enactment, the press could become so inhibited that its great and necessary function of policing our society through reporting its events and by analytical criticism would be seriously impaired.
In the free dissemination of news, then, and fair comment thereon, hundreds and thousands of news items and articles are published daily and weekly in our newspapers and periodicals. This court judicially knows that it frequently takes a legal tribunal months of diligent searching to determine the facts of a controversial situation. When it is recalled that a reporter is expected to determine such facts in a matter of hours or minutes, it is only reasonable to expect that occasional errors will be made. Yet, since the preservation of our American democracy depends upon the public's receiving information speedily  particularly upon getting news of pending matters while there still is time for public opinion to form and be felt  it is vital that no unreasonable restraints be placed upon the working news reporter or the editorial writer.
This opportunity, given by the statute, to correct inadvertent errors prior to suit is, in our opinion, no more than fairly and justly commensurate with the opportunity to make the errors. Thus, if by retraction, the damage is completely off-set or so mitigated as not to warrant suit, the newspaper or periodical will oft-times be saved the annoyance and expense of answering the suit, as well as the opprobrium consequent even to an unfounded suit for libel. And even in those cases where a plaintiff sustains damage even after retraction, and elects to file suit, the newspaper or periodical is still assured of the fact that the pleadings on the question of damages are *416 clear-cut and settled from the inception of suit, and this issue thereby shortened.
It is true, of course, that a newspaper could publish a retraction after the time of the filing of suit and obtain the same result, insofar as the mitigation of actual damages is concerned. However, we know of no reason why the Legislature cannot require that such notice be given as a procedural step in a suit for libel against a newspaper or periodical. It was indicated in Hanson v. Krehbiel, 68 Kan. 670, 75 P. 1041 (in which the statute was held unconstitutional on other grounds) that this might be proper legislation. And the Georgia court, in Hall v. Kelly, 61 Ga. App. 694, 7 S.E.2d 290, affirmed in Kelly v. Hall, 191 Ga. 470, 12 S.E.2d 881, held that a suit was subject to demurrer, as prematurely brought, if it failed to allege that plaintiff had given to defendant written notice with an opportunity to retract.
It is our opinion that the provision of the statute requiring notice in writing of the defamatory publication, as a condition precedent to filing suit, and as required only in suits against newspapers and periodicals, is a valid classification based upon some difference in the classes having a substantial relation to the purpose for which the legislation was designed and is not, therefore, contrary to the "equal protection" clause of the Fourteenth Amendment to the Federal Constitution. See Hunter v. Flowers, Fla., 43 So.2d 435, and cases therein cited.
The plaintiff also poses, on this appeal, the following question: "Does the plaintiff's declaration in this cause state a cause of action for the recovery of actual damages sufficient to withstand the demurrer?"
The gist of the editorial here complained of as libelous was as follows: "There is no doubt but what the most unpopular citizen in Ft. Lauderdale today is Julian Ross, former city attorney. And the reason for his unpopularity is the suits he has filed against the city and county mandamusing them to assess all properties at full cash value as of Jan. 1." This was not libelous per se. See Mann v. Roosevelt Shop, Inc., Fla., 41 So.2d 894. And, without detailing the voluminous allegations of the declaration by which a case of libel per quod is sought to be stated, we say merely that they are likewise insufficient in this respect. When the statement alleged to be libelous could not properly leave the impression charged in the innuendo, there is no issue for the jury. See Hulley v. Hunt, 63 Fla. 179, 57 So. 607.
The plaintiff having failed or refused to avail himself of the opportunity to amend his declaration, there was no error in entering final judgment for the defendant. The judgment is, accordingly,
Affirmed.
ADAMS, C.J., and TERRELL, CHAPMAN and SEBRING, JJ., concur.
THOMAS and HOBSON, JJ., not participating.