Mr. Chester Blakemore Executive Director Department of Highway Safety and Motor Vehicles Neil Kirkman Building Tallahassee, Florida 32301
Dear Mr. Blakemore:
This is in response to your request for an opinion on substantially the following question:
 WHAT AMOUNT OF TAX IS TO BE PAID TO AND COLLECTED BY THE DEPARTMENT OF HIGHWAY SAFETY AND MOTOR VEHICLES FOR THE REGISTRATION OF A MOTOR VEHICLE TAXED PURSUANT TO s 320.08(5)(a), F.S.?
During the 1981 legislative session Chapter 81-151, Laws of Florida, was enacted into law. Section 13 of that law amended s320.06(1)(d), F.S., to provide in pertinent part:
 Beginning June 1, 1982, those vehicles required to be registered which are taxed under the provisions of s. 320.08(4), (5)(a), or (6)(b) shall be registered for a 6-month period ending November 30, 1982. Thereafter, all such registrations shall be annual, beginning December 1 and ending November 30.
The legislative purpose for this initial six-month registration period was to change the annual registration date in order to get the license tax in phase with the motor fuel and special fuel use reports required by Ch. 207, F.S.
In this respect, see subsection (1)(e) of s 320.06, F.S., which was added by section 13 of Ch. 81-151, Laws of Florida, which provides:
 The department [of highway safety and motor vehicles] shall cooperate with the Department of Revenue in developing a form on which both the registration and the report of motor fuel or special fuel use required under Chapter 207 can be accomplished.
You question what the proper amount of tax to be paid to the Department of Highway Safety and Motor Vehicles is for this initial phase-in period. Section 320.08, F.S., imposes annual license taxes for the operation of motor vehicles and mobile homes as defined in s 320.01, F.S., and for mopeds as defined in s316.003(2), F.S. Subsection (5)(a) of s 320.08, F.S., provides:
 Semitrailers drawn by GVW truck-tractors by means of a fifth-wheel arrangement, regardless of weight: $10 flat per registration year or any part thereof. There shall be no reduction for half-year or quarter-year licenses for trailers in this special class. The minimum charge law for issuing license tags shall be inapplicable to the aforesaid special class.
The language of these statutes is clear and where the language of a statute is clear and unambiguous and conveys a clear and definite meaning, there is no need to resort to rules of statutory interpretation and construction and the statute must be given its plain and obvious meaning. See Thayer v. State, 335 So.2d 815
(Fla. 1976); Ross v. Gore, 48 So.2d 412 (Fla. 1950); Vocelle v. Knight Brothers Paper Company, 118 So.2d 664 (1 D.C.A. Fla., 1960).
Subsection (5)(a) clearly provides that the $10 charge is for the registration year or any part thereof and that there is no reduction for half-year or quarter-year licenses, and renders the minimum charge law (see s 320.14, F.S.) inapplicable to the described semitrailers. The legislature was aware of this provision when it amended s 320.06(1)(d), F.S., and in fact that amendment expressly references subsection (5)(a). Compare s320.08(4)(g), F.S., which permits semiannual registration periods and establishes reduced fees for periods less than one year. Further, there is no express language or language from which one could draw a reasonable implication that some other fee was intended by the Legislature for this initial phase-in period.
It is therefore my opinion that, unless judicially or legislatively clarified to the contrary, the fee or tax required for semitrailers drawn by GVW truck-trailers by means of a fifth-wheel arrangement, regardless of weight for the initial six-month period from June 1, 1982, to November 30, 1982, as specified in s 320.06(1)(d), F.S., is $10.00 as required by s320.08(5)(a), F.S.
Sincerely,
Jim Smith Attorney General
Prepared by: Craig Willis, Assistant Attorney General