**Melvin J. LANEY, Plaintiff,**

v.

**KNIGHT–RIDDER NEWSPAPERS, INC., et al., Defendants.**

**No. 81–2850–Civ–JLK.**

United States District Court, S. D. Florida.

Feb. 24, 1982.

Paul H. Amundsen, Peeples, Earl, Moore & Blank, P.A., James P. Ryan, Miami, Fla., for plaintiff.

Sanford L. Bohrer, Miami, Fla., for defendants.

## ORDER GRANTING MOTION TO DISMISS

JAMES LAWRENCE KING, District Judge.

This cause came on before the Court upon motions by defendant Norris D. Spencer to dismiss, to strike, and for a protective order. Defendant Spencer alleges in his motion to dismiss that this Court lacks jurisdiction, that plaintiff has failed to join an indispensible party, and that plaintiff has failed to comply with a statutory condition precedent to bringing suit. Since the Court herein finds that plaintiff has failed to comply with a statutory condition precedent to bringing suit, and consequently dismisses the suit for being improperly brought, the Court does and need not consider the motions to strike and for a protective order.

This cause is an action for libel arising out of an allegedly defamatory letter to the editor written by defendant Spencer. The letter was published by defendant Keynoter Publishing Company, Inc. in the June 28, 1979 edition of *The Florida Keys Keynoter.* The letter concerned a proposal by Melvin J. Laney Associates, an organization presided over by plaintiff, to develop a primate research facility on Rodriguez Key in Monroe County, Florida. Defendant Spencer was a resident of Key Largo, Florida who opposed the proposal. The alleged defamatory portion of Mr. Spencer's letter is repeated herein as it appeared in *The Florida Keys Keynoter*:

1. Unlimited funding is available to the Laney organization (i.e. Lederle Labs and U:S. Government), and he is informing the residents of the Upper Keys that we will be fought long and vigorously with these funds until he has his way with his monkey project.

2. All corrupt politicians and judges from Tallahassee to Key West have been served notice by this article that all they need do is put out their hands and they will be filled with money in exchange for their cooperation.

We may be witnessing the start of this insidious cycle. . . . [1]

As a result of the alleged defamatory statements repeated above, plaintiff, on December 21, 1981, filed suit in this Court. Jurisdiction was based on diversity of citizenship pursuant to 28 U.S.C. § 1332.

In this action based on diversity of citizenship, the Court looks to Florida law to supply the rules for decision. *See Erie Railroad Co. v. Tompkins*, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938).[2] With respect to civil actions for libel, a Florida statute requires that a plaintiff serve notice on a

---

1. *The Florida Keys Keynoter* placed the title "Monkeyshines over Island Facility" directly above the letter in large print.

2. Under the "Erie Doctrine", however, purely procedural matters are subject to federal and not state law. The notice provision of Fla.Stat. Ann. § 770.01, however, has such a significant impact upon the extent and nature of both the harm and damages in a libel suit that it clearly is applicable in a federal diversity action of this sort.

defendant prior to bringing suit for publication of a libel:

> Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least five days before instituting such action, serve notice in writing on defendant, specifying the article or broadcast and the statements therein, which he alleges to be false and defamatory.

Fla.Stat.Ann. § 770.01.[3]

This provision is relevant since the present case concerns the publication of an alleged libel. The parties do not dispute that plaintiff failed to provide defendant Spencer with notice of suit as directed by the above provision. Plaintiff argues, however, that the provision applies only to media defendants and that, of consequence, plaintiff was not required to provide defendant Spencer with notice prior to bringing suit. Therefore, the issue for consideration is whether this provision applies to non-media defendants such as Norris Spencer.

The language of the provision is not dispositive of the issue before the Court. The provision simply requires that a plaintiff, prior to bringing a civil action for publication or broadcast in a newspaper, periodical or other medium, "serve notice in writing on the defendant. . . ." Fla.Stat.Ann. § 770.01. The Court observes, however, that the provision fails to specify that notice need be provided only to media-defendants. If the legislature did intend to so limit the applicability of this provision, it seems logical that a specific restriction would have been inserted into the statute. One may reasonably infer from the general-

ity of the language, therefore, that the statute requires notice to all potential defendants in an action for libel or slander.

■ Plaintiff's position, furthermore, is not supported by precedent. While several cases [4] and commentators [5] have stated that the notice provision is applicable to newspapers and periodicals, these cases and commentators do not bear on whether the statute applies exclusively to media defendants. The case of *Ross v. Gore*, 48 So.2d 412 (Fla.1950), provides perhaps the strongest support for plaintiff's position. The case involved an allegedly defamatory editorial appearing in the *Ft. Lauderdale News*. While the Court indirectly referred to the statute's applicability in terms of newspapers and periodicals, it did not specifically describe the parameters of the statute's applicability, nor, for that matter, provide sufficient justification for its decision to discuss applicability solely in terms of newspapers and periodicals.[6] If the *Ross* Court did intend to assert that the statute applies only to media defendants, and this is unclear since the references in the case were indirect and no explanation or justification for such a position was provided by the Court, this Court finds that such an interpretation strains against considerations of fairness as well as against the declarations in other libel cases which expressly or impliedly state that notice must simply be provided to "defendants." [7] In a situation such as this where a restrictive interpretation of the statute is not necessary nor logically evidenced from the language of the statute, the Court need only give effect to the plain meaning of the terms of the provision. *See In Re Grand Jury Investigation*, 287 So.2d 43, 55 (Fla.1973) (dissenting opinion).

---

3. In 1976, Fla.Laws 1976, chap. 76–123, added the words "or broadcast" in two instances, and the words "other medium" and "slander." No other substantial changes have been made to the provision, which was enacted in 1933 as Chapter 16070, Laws of Florida, Acts of 1933.

4. *See*, for example, *Adams v. News-Journal Corp.*, 84 So.2d 549 (Fla.1956) (special concurrence of Justice Thornal); *Ross v. Gore*, 48 So.2d 412 (Fla.1950).

5. *See*, for example, Comment, "Libel: Notice as a Condition Precedent to Prosecution for Criminal Libel," 7 U.Fla.L.Rev. 104 (1954).

6. The *Ross* Court may very well have discussed the applicability of the statute in these terms simply because the defendants in the case were media-defendants.

7. *See*, for example, *Gannett Florida Corp. v. Montesano*, 308 So.2d 599, (1st DCA 1975) (quoting the statute).

The better interpretation of the statute's applicability, as it is the most fair, is that the provision is applicable to all defendants in actions for libel or slander. Generally, advance notice to defendants in a libel action may yield a significant change in the posture of a case. *See Ross v. Gore, supra.* Notice affords defendants the opportunity to issue a retraction or even to settle the overall conflict, thereby mitigating damages or eliminating litigation altogether.[8] At the very least, notice may afford a non-media defendant the chance to consult with an attorney about legal matters with which (s)he may be extremely unfamiliar. If a retraction, correction or apology is issued within a limited time after notice has been given, moreover, and the article or broadcast was published in good faith, plaintiff may only recover actual damages. Fla.Stat. § 770.02. Notice, therefore, is preferable because, at a slight cost, it may lead to a considerable reduction in the expenditure of time and money by potential litigants and may afford the parties the opportunity to work out their differences prior to formal battle lines being drawn. In light of these considerations, the Court fails to find a legitimate justification for depriving non-media defendants of the advantages of notice.

In sum, the Court finds that it would be grossly unfair to construe the statute in such a way as to deny non-media defendants the opportunity to mitigate actual damages or avoid the assessment of punitive damages. This finding, combined with the Court's findings concerning the generality of the statute's language and the lack of dispositive precedent, leads the Court to hold that Fla.Stat.Ann. § 770.01 applies to all defendants in civil actions for libel or slander.

The provision, therefore, applies to defendant Spencer.[9] Said defendant was not given the requisite notice, however, and the Court thereupon dismisses this case by reason of plaintiff's failure to comply with a condition precedent to bringing suit. Plaintiff is free to refile this action upon compliance with Fla.Stat.Ann. § 770.01.

---

8. While newspapers logically may be expected to make mistakes given the volume of news which is gathered and printed, *Walsh v. Miami Herald Publishing Co.*, 80 So.2d 669, 672 (Fla. 1955), this does not justify providing newspapers with the opportunity to retract such mistakes and not private individuals. The frequency of mistakes has no relevance to the significance of the consequences to the offending party or to the benefits that may be derived from the opportunity to retract or correct inaccuracies.

9. The plaintiff further argues that defendant Spencer did not "publish" the defamatory article as required by the statute. Florida law, however, holds that publication occurs if the alleged defamation is communicated to a third person. *Fiore v. Rogero*, 144 So.2d 99, 101 (2d DCA 1962). It appears that the article in question was sent to the editor of *The Florida Keys Keynoter*, thereby satisfying this requirement.