449 So.2d 400 (1984)
Columbus BRIDGES and Alma P. Bridges, His Wife, Appellants,
v.
Carlton WILLIAMSON, Robert Lee Kitchen, Willie Pounsel, James Cowart, Lawrence Poindexter and al Bridges, Appellees.
No. 83-1622.
District Court of Appeal of Florida, Second District.
May 2, 1984.
Alex D. Finch of Law Offices of Alex D. Finch, Clearwater, for appellants.
Darryl Ervin Rouson of Robinson, Athanason, Steagall, Grant, Silvers & Biesinger, St. Petersburg, for appellees.
PER CURIAM.
Appellants seek review of the trial court's nonfinal order dismissing their complaint with leave to amend. We reverse.
Appellants, Columbus Bridges and Alma P. Bridges, his wife, filed a complaint in the trial court seeking compensatory and punitive damages for alleged defamatory statements made by appellees, Carlton Williams, Robert Lee Kitchen, Willie Pounsel, James Cowart, Lawrence Poindexter, and Al Bridges. Some of the statements allegedly made by appellees were republished in a newspaper. Appellees filed a motion to dismiss the complaint because appellants failed to comply with section 770.01, Florida Statutes (1981). The trial court granted the motion but allowed appellants twenty days to amend their complaint to allege compliance with section 770.01. Appellants then filed an appeal of the trial court's nonfinal order.
The order under review is a non-appealable nonfinal order because it afforded an opportunity for appellants to amend *401 their complaint. This appeal is properly before us, however, because we have discretion to treat an improperly filed appeal as a petition for writ of certiorari. Briggs v. Salcines, 392 So.2d 263 (Fla. 2d DCA 1980), cert. denied, 454 U.S. 815, 102 S.Ct. 92, 70 L.Ed.2d 84 (1981). Certiorari is available when the order under review does not conform to the essential requirements of law and may reasonably cause irreparable injury which cannot be remedied on appeal. Briggs. We grant certiorari in this case because compliance with the trial court order might result in republication of a libelous statement that could irreparably injure appellants. See § 770.02, Fla. Stat. (1981).
We hold chapter 770, Florida Statutes (1981), does not apply to nonmedia defendants even when alleged defamatory statements made by a nonmedia defendant are republished by the media. Therefore, we find the trial court erred in requiring appellant to comply with section 770.01.
Section 770.01, Florida Statutes (1981), provides as follows:
Notice condition precedent to action or prosecution for libel or slander.  Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he alleges to be false and defamatory.
The statute requires a plaintiff to serve notice on a defendant five days prior to instituting a civil action for libel or slander. This provision has been construed to apply exclusively to suits against newspapers and periodicals, as distinguished from private individuals. Ross v. Gore, 48 So.2d 412 (Fla. 1950). In Ross, the supreme court recognized that one of the objectives of the statute was to afford newspapers and periodicals an opportunity to make full retraction in order to correct inadvertent errors and mitigate damages, as well as to save them the expense of answering to an unfounded suit for libel.
After Ross, the statute was amended to include civil actions for slander against broadcasting stations. Ch. 76-123, Laws of Fla. (1976) (codified as amended at § 770.01, Fla. Stat. (1983)). At that time, the legislature was aware of Ross since it is presumed to be cognizant of the judicial construction of a statute when contemplating changes in the statute. See Seddon v. Harpster, 403 So.2d 409 (Fla. 1981). Had the legislature intended to extend the application of the statute to nonmedia defendants, it could have inserted such a provision into the statute at that time. See Reino v. State, 352 So.2d 853 (Fla. 1977).
Appellees contend that, rather than follow the rationale in Ross, this court should defer to the federal court's decision in Laney v. Knight-Ridder Newspapers, Inc., 532 F. Supp. 910 (S.D.Fla. 1982). We disagree. The rules of stare decisis do not require this court to follow federal court decisions that construe Florida's substantive law. Erie R.R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188 (1938). Although the federal court in Laney extended the application of section 770.01 to include nonmedia defendants, we believe the legislature did not intend such an extension. The language of the statute is limited to newspapers, periodicals, and other media. Nowhere does the statute contain the words "nonmedia" or "private individuals."[1]
Accordingly, we grant the petition for writ of certiorari, quash the order dismissing appellants' complaint, and remand for proceedings consistent herewith.
DANAHY, A.C.J., and CAMPBELL and SCHOONOVER, JJ., concur.
NOTES
[1] See Staff Analysis of Senate Judiciary-Civil Comm., 1976 Legis., 1st Sess., Libel, Slander and Invasion of Privacy by Publication or Broadcast (1976) (staff analysis by S. Kubik).