449 So.2d 418 (1984)
Larry C. DAVIES, Appellant,
v.
Michael BOSSERT, Appellee.
No. 83-2552.
District Court of Appeal of Florida, Third District.
May 8, 1984.
*419 Ferrell & Ferrell, and Milton Ferrell, Miami, for appellant.
Frigola, Devane & Wright and Alfredo Frigola, Marathon, for appellee.
Before SCHWARTZ, C.J., and NESBITT[*] and FERGUSON, JJ.
FERGUSON, Judge.
This appeal questions the applicability of Section 770.01, Florida Statutes (1983)  which requires a complainant to give a defendant five days' prior notice for the purpose of apology or retraction before an action for libel or slander may commence  where allegedly defamatory statements were made by a private citizen over an emergency channel of a citizen's band radio.
The complaint alleges that defendant, while flying a small plane over a fishing area in the vicinity of Key West, broadcasted on Channel 19, VHF, that plaintiff, a lobster fisherman, was pulling a yellow and white buoy which belonged to another fisherman; that the broadcast was heard by hundreds of listeners; and that a third person told plaintiff that a number of listeners told him that they understood the broadcast to mean that plaintiff had been caught stealing.
The trial court granted defendant's motion to dismiss on grounds that plaintiff failed to plead compliance with Section 770.01, which is a jurisdictional condition precedent to the right to maintain the action. Reliance was placed on Laney v. Knight-Ridder Newspapers, Inc., 532 F. Supp. 910 (S.D.Fla. 1982) for the finding that "F.S. 770.01 requiring five days' notice to the defendant before a libel or slander suit is brought applies to all defendants, `media' and `non-media'." We disapprove of the Laney holding on authority of Ross v. Gore, 48 So.2d 412 (Fla. 1950), and reverse.
*420 Although the issue before the Florida Supreme Court in Ross was different, the court unavoidably recognized that the statute had no application to non-media defendants. The main issue in Ross was whether the statute was discriminatory in that it permitted media defendants to avoid punitive damages by publishing a retraction or apology for libelous statements while not affording the same privilege to non-media defendants. The court did not hold, as does Laney, that Section 770.01 applies to media and non-media libelees alike, but recognized that the unambiguous language of the statutory condition precedent applies only to media defendants. Ross, 48 So.2d at 414-15.
In discussing Ross' equal protection argument with respect to Section 770.02, which in 1950 referred only to newspapers and periodicals, the court reiterated that "[t]he provision for retraction is peculiarly appropriate to newspapers and periodicals, as distinguished from private persons." 48 So.2d at 414. It reasoned further that Section 770.01, which requires a written notice only in suits against newspapers and periodicals, contains a valid classification which has a substantial relation to the purpose of the legislation. The basis for the classification was held to be, in essence, the public interest in the "free dissemination of news," and the reasonable likelihood of occasional error as a result of the tremendous pressure to deliver the information quickly.
The earlier version of Section 770.01, which was construed in Ross v. Gore, referred only to publication of a libel in a newspaper or periodical. In 1976, the statute was amended to include reference to (1) "broadcast" (in addition to "publication"), (2) "other medium" (in addition to "newspaper and periodical"), and (3) "slander" (in addition to "libel"). Ch. 76-123, § 1, Laws of Fla. The following additions were also made to Section 770.02: "or broadcast station" in the section's heading; "or broadcast" (as an addition to "article"); and a reference to correction, apology, or retraction in the case of a broadcast. Section 770.03 was also amended so as to refer to broadcasting stations in general and not just to radio broadcasting stations. Section 770.04 refers specifically to the civil liability of an "owner, licensee, or operator of a radio or television broadcasting station, and the agents, or employees of any such owner, licensee or operator."
Since no other section of Chapter 770 uses the language "other medium" as found in Section 770.01, we can infer reasonably that the legislature intended that term to include television and radio broadcasting stations. There is no logical reason to suppose that Section 770.01 contemplates any form of medium not covered by other sections of the chapter. In the absence of legislative history, we can look to earlier enactments and other sections of the present Chapter 770 to determine the intent and meaning of the words "or other medium" in Section 770.01. See Florida State Racing Commission v. McLaughlin, 102 So.2d 574 (Fla. 1958) (if part of a statute appears to have a clear meaning if considered alone but when given that meaning is inconsistent with other parts of the same statute or others in pari materia, the court will examine the entire act and those in pari materia in order to ascertain the overall legislative intent); Wheeler v. Green, 286 Or. 99, 593 P.2d 777, 791 (1979) (in determining whether Oregon's retraction statute's reference to "publisher" was limited to a media entity, court looked to the other provisions of the statute).
Further, because the legislature enacted only minor amendments to the statute, consistent with technological developments in mass communication media, it is presumed that it approved the interpretation given the earlier statute by the Florida Supreme Court. See Peninsular Supply Co. v. C.B. Day Realty of Florida, Inc., 423 So.2d 500 (Fla. 3d DCA 1982), citing National Lead Co. v. United States, 252 U.S. 140, 40 S.Ct. 237, 64 L.Ed. 496 (1920) and State ex rel. Szabo Food Services, Inc. of North Carolina v. Dickinson, 286 So.2d 529 (Fla. 1973).
*421 All of the Florida state court cases which interpret the notice requirement of Section 770.01 involve newspapers, periodicals or broadcasting companies (either radio or television).[1]See, e.g., Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51 (Fla. 3d DCA), rev. denied, 424 So.2d 763 (Fla. 1982); Hulander v. Sunbeam Television Corp., 364 So.2d 845 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 459 (Fla. 1979).
Courts of several other jurisdictions have applied the same interpretation as the Florida Supreme Court to similar state retraction statutes by limiting the application of the statutes to news media defendants. The rationale is also the same. See Alioto v. Cowles Communications, Inc., 519 F.2d 777 (9th Cir.), cert. denied, 423 U.S. 930, 96 S.Ct. 280, 46 L.Ed.2d 259 (1975) (statute's requirement that a retraction be demanded does not apply to magazines which have more time than newspapers and broadcast media to ascertain the truth of accusations before publishing them; California legislature which had amended statute twice so as to encompass radio and then television had not seen fit to amend again to extend coverage explicitly to magazines); Fifield v. American Automobile Association, 262 F. Supp. 253 (D.Mont. 1967) (retraction statute strictly interpreted to apply only to media specifically enumerated in statute, and not to books; news dissemination media, unlike non-media defendants, have the capability of publishing a retraction which has an almost instant countering effect); Comer v. Louisville & N.R. Co., 151 Ala. 622, 44 So. 676 (1907) (publishers of newspaper are in the class which the retraction statute was designed to protect but advertisers who prepare an article and pay for its publication are excluded); Field Research Corp. v. Superior Court, 71 Cal.2d 110, 77 Cal. Rptr. 243, 453 P.2d 747 (1969) (statute requiring notice to libel defendants does not apply to non-media defendants who are not under the time pressures imposed by publication or broadcast deadlines, are not especially susceptible to unwarranted defamation suits and claims for excessive damages, and are not in a position to publish widely-circulated, effective retractions); Werner v. Southern California Associated Newspapers, 35 Cal.2d 121, 216 P.2d 825 (1950), appeal dismissed, 340 U.S. 910, 71 S.Ct. 290, 95 L.Ed. 657 (1951) (same); Wheeler v. Green, 286 Or. 99, 593 P.2d 777 (1979) (retraction statute not applicable to defendants who wrote defamatory letters published in a newsletter; same rationale as in Werner).
Reversed and remanded with instructions to reinstate the complaint.
NOTES
[*] Judge Nesbitt did not hear oral argument.
[1] See Rahdert and Snyder, Rediscovering Florida's Common Law Defenses to Libel and Slander, 11 Stetson L.Rev. 1, 20-22 (1981) noting that the defenses set forth in Chapter 770 apply principally to news media defendants in libel and slander actions.