# FIRST AMERICAN BANK AND TRUST v DAHDAH, et al.

## Case No. 87-18485 (30)

Eleventh Judicial Circuit, Dade County

June 23, 1988

### APPEARANCES OF COUNSEL

**Neil J. Berman,** Broad and Cassel, for plaintiff.

**Hugh F. Quinn** for defendants Charles J. Dahdah and Ruth P. Dahdah.

**Gustavo Gutierrez** for defendants Dival Engineering, Inc. and Dival Development, Inc.

### OPINION OF THE COURT

MURRAY GOLDMAN, Circuit Judge.

### ORDER ON PLAINTIFF'S AND DEFENDANTS'

### *MOTIONS FOR SUMMARY JUDGMENT*

THIS CAUSE came on before the court on plaintiff's motion for partial summary judgment and on defendants' motion for summary judgment. The Court heard oral argument on Wednesday morning, June 22, 1988, and has considered the cases and memoranda submitted by each of the parties.

Plaintiff is seeking to foreclose its mortgage on defendants Charles and Ruth Dahdah's office building. Plaintiff alleges that, after two negotiated extensions, its construction loan became due on April 20, 1987, and was not paid. One of defendants' affirmative defenses is that plaintiff's default rate of interest, when aggregated with certain other charges, is criminally usurious, thereby making the note unenforceable. Defendants allege that plaintiff lent the monies to defendants with the initial willful and/or corrupt intent to violate the usury statute. As a consequence, defendants argue, plaintiff may recover neither principal nor interest.

Plaintiff argues that its loan cannot be usurious, since it is a parity lender in accordance with Florida Statutes Section 687.12. That statute provides that a lender licensed under one of the specified chapters (in plaintiff's case chapter 658), can charge interest on a loan it is qualified to make, equal to the maximum rate that a lender licensed under one of other enumerated chapters can charge on the same type of loan. Plaintiff, attempting to qualify under Florida Statutes § 687.12(4), indicated in the body of the note signed by defendants that it sought to take advantage of the maximum rate of interest permitted under chapter 665 (the Savings Association Act). Chapter 665 states that no interest on loans secured by a first lien on real estate shall be deemed usurious.

Defendants acknowledged at oral argument that plaintiff is a lender licensed under Florida Statutes chapter 658, and that the subject loan is a first lien on real estate. They deny, however, that § 687.12 allows plaintiff to charge what they claim is a criminally usurious interest rate. Plaintiff argues that the statute, if complied with, exempts plaintiff from any claim of usury, because savings associations are exempt.

No Florida cases interpreting Chapter 687.12 have been brought to the Court's attention. One U. S. Bankruptcy Court case, *In re Hamlett,* 23 B.R. 492 (M.D. Fla. 1986), has been cited. *Hamlett,* however, which interprets state substantive law, is not binding on Florida courts. *Bridges v. Williamson,* 449 So.2d 400 (Fla. 2d DCA 1984). The court has reviewed *Hamlett* and rejects its view of the statute.

Subsection (2) of the § 687.12 provides, in part:

(2) This section shall be construed to *permit any lender* or creditor which is otherwise authorized to make a particular loan or extension of credit *to charge interest at a rate permitted to be charged by other lenders* or creditors on similar loans or extensions of credit . . .

The plain meaning of that subsection is to give licensed lenders such as plaintiff the right to charge the interest which another lender on a

similar loan could also charge. Since savings associations licensed under chapter 665 are free to charge any interest rate and not be subject to a claim of usury, Fla. Stat. § 665.077, then plaintiff's compliance with the interest parity statute allows it, too, to charge any rate of interest and not be subject to a claim of usury.

Accordingly, since in this case plaintiff has complied with the interest parity statute, the court must recognize that plaintiff is not here subject to the affirmative defense of usury.

Plaintiff's motion for partial summary judgment on the affirmative defense of usury is granted. Defendants' motion for summary final judgment is denied.

DONE AND ORDERED in Chambers at Miami, Dade County, Florida this 23rd day of June, 1988.