Leonidas ORTEGA TRUJILLO, Jaime Ortega Trujillo, and Luis Alberto Ortega Trujillo, Plaintiffs,

v.

BANCO CENTRAL DEL ECUADOR, an agency of the Government of Ecuador, Augusto de la Torre, and Conover & Company Communications, Inc., a Massachusetts Corporation, Defendants.

BANCO CENTRAL DEL ECUADOR, Counter–Plaintiff and Third–Party Plaintiff,

and

Banco Continental, S.A., and Banco Continental Overseas, N.V., Third–Party Plaintiffs,

v.

Leonidas ORTEGA TRUJILLO, Jaime Ortega Trujillo, and Luis Alberto Ortega Trujillo, Counter–Defendants and Third–Party Defendants,

and

Panamerican Bank a Florida Bank, Interbank Holding Corp., a Florida Corporation, Fabian Ortega Trujillo, Jorge Ortega Trujillo, Gustavo Ortega Trujillo, Maria del Carmen Ortega de Velez, Angel Torres Noboa, Martin Costa March, Carlos Baquerizo Blum, Glen Goldhagen, Ansbacher (Bahamas) Ltd., a Bahamian company, and Nestor Cubillos, Third–Party Defendants.

No. 98–0373 CIV.

United States District Court, S.D. Florida.

July 29, 1998.

Mark Schnapp, Marlene Silverman, Anna
Oestereicher, Miami, FL, for Plaintiffs.

Stephen Hartz, Jill Cook, George Volsky, Miami, FL, Laura Besvinick, Peter Yanowitch, Luca Bronzi, Miami, FL, Kara Cunningham, David Geneson, Washington, DC, for Defendants.

## ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT CONOVER'S MOTION TO DISMISS OR FOR SUMMARY JUDGMENT, AND DENYING MOTION TO STRIKE

JAMES LAWRENCE KING, District Judge.

THIS CAUSE comes before the Court on Defendant Conover & Company Communications, Inc.'s ("Conover") Motion To Dismiss or for Summary Judgment, filed April 24, 1998. Plaintiffs invoke this Court's jurisdiction under 28 U.S.C. § 1330(a), pendent party jurisdiction, 28 U.S.C. § 1367, Rule 4 of the Federal Rules of Civil Procedure, and claim venue in this judicial district pursuant to 28 U.S.C. § 1391(f)(1). Conover brings its Motion to Dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Alternatively, Conover requests summary judgment as per Federal Rule of Civil Procedure 56(c). *Id.* Finally, Conover moves to strike Plaintiffs' claim for punitive damages. Plaintiffs filed their Amended Complaint and Response to Conover's Motion on June 9, 1998. The Court heard oral arguments as to the above motions on July 28, 1998.

### Summary of Facts

For purposes of the Motions to Dismiss, the Court must construe the facts in the light most favorable to the Plaintiffs, accepting all facts alleged on the face of their pleadings as true. *See Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984). The facts as alleged by Plaintiffs in their Complaint, filed February 20, 1998, and Amended Complaint, filed June 9, 1998, are as follows:

Each individual Plaintiff is a citizen of the Republic of Ecuador ("Ecuador"). (*See* Compl. ¶¶ 4–7.) Plaintiff Luis Ortega Trujillo ("Luis Ortega") is a resident of the Southern District of Florida. (*See id.* ¶ 2.) Plaintiffs are "brothers in a prominent Ecuadorian family," who, with other family members, own all stock in Interbank Holding Company ("Interbank"), "a bank holding company incorporated under the laws of Florida." (*See Id.* ¶¶ 13–14.) Via Interbank, Plaintiffs and their family control PanAmerican Bank ("PanAmerican"), a Miami-based, FDIC-insured member bank of the Federal Reserve Bank of Atlanta. (*See* Am.Compl. ¶ 14.) Luis Ortega is a member of PanAmerican's board of directors, and Plaintiffs have business interests in South Florida. (*See* Am.Compl. ¶¶ 13–14.) Plaintiffs, along with family members, indirectly own a majority interest in Conticorp S.A. ("Conticorp"), an Ecuadorian holding company. At the time of the matters at issue, Conticorp indirectly owned all stock of Banco Continental S.A. ("Continental"), an Ecuadorian commercial bank.

Defendant Banco Central del Ecuador ("Banco Central") is the central bank of Ecuador. Being an agency of the Ecuadorian government, Banco Central is defined by U.S. law as an agency or instrumentality of a foreign state, *See* 28 U.S.C. § 1603(b). Defendant Augusto de la Torre ("de la Torre") is a citizen of Ecuador residing in New York. (*See* Am.Compl. ¶ 8.) At the times of the events at issue, de la Torre was an employee of Banco Central, acting within its authority. (*See id.*) Defendant Conover, a public relations firm (*see* Am.Compl. ¶ 1), is a Massachusetts corporation with its principal place of business in Washington, D.C. (*see* Compl. ¶ 9). Conover assists its clients in the drafting and dissemination of press releases and other, similar publications. (*See Id.* ¶¶ 24–25.) Conover is registered with the U.S. Department of Justice as an agent of Banco Central (*see Id.* ¶ 26), pursuant to the Foreign Agents Registration Act, 22 U.S.C. § 611 (1994).

Plaintiffs allege that Conover, as the agent of Banco Central and under the direction of de la Torre, disseminated a defamatory press release (the "Press Release") to government and news agencies in the United States, in-

cluding major media outlets in the Southern District of Florida. (*See Id.* ¶¶ 34, 42.) Plaintiffs have brought suit against Banco Central, de la Torre, and Conover, charging all Defendants with defamation and false light invasion of privacy (Counts I, II) and charging Banco Central and de la Torre with intentional infliction of emotional distress ·(Count III). (*See Id.* ¶¶ 1, 44–64.) Conover moves for dismissal, or alternatively, for summary judgment in its favor on all counts. Banco Central has moved for dismissal of Counts I and III. This motion, although noticed for oral argument by the Court for the hearing held July 28, 1998, was continued at the joint request of all parties.

### Legal Standards

■ Dismissal is justified only when " 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " *See Hartford Fire Ins. Co. v. California*, 509 U.S. 764, 810, 113 S.Ct. 2891, 125 L.Ed.2d 612 (1993) (quoting *McLain v. Real Estate Bd. of New Orleans, Inc.*, 444 U.S. 232, 246, 100 S.Ct. 502, 62 L.Ed.2d 441 (1980)). As above, the complaint is construed in the light most favorable to the plaintiff, and all facts alleged by the plaintiff are accepted as true. *See Hishon*, 467 U.S. at 73, 104 S.Ct. 2229. Regardless of the alleged facts, however, a court may dismiss a complaint on a dispositive issue of law. *See Marshall County Bd. of Educ. v. Marshall County Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir.1993).

Summary judgment is appropriate only where it is shown that there is no genuine dispute as to any material fact and that the moving party is entitled to judgment as a matter of law. *See* FED.R.CIV.P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). If the record as a whole could not lead a rational fact-finder to find for the non-moving party, there is no genuine issue for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538

(1986) (1986). The court must view the evidence and resolve all inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). There is no requirement that the trial judge make findings of fact. (*See id.*, 477 U.S. at 251, 106 S.Ct. 2505.)

### Discussion: Count I (Defamation)

Conover moves for dismissal of Count I (Defamation) based on three factors. First, Conover states that Plaintiffs have not provided prior written notice of the alleged defamatory statements to Conover before bringing suit, as required by Section 770.01 of the Florida Statutes. Second, Conover argues that Plaintiffs have failed to allege sufficient malice on its part to sustain a claim for defamation. Third, Conover argues that, on the face of the Complaint, the Press Release was a privileged communication protected by the neutral reporting and fair reporting privileges of Florida.

■ A demand for retraction of allegedly libelous material is often a prerequisite to an action for defamation. Fla.Stat. § 770.01; *see Time v. Firestone*, 424 U.S. 448, 452, 96 S.Ct. 958, 47 L.Ed.2d 154 (1976). Plaintiffs contend that "[a]ll conditions precedent to the commencement or assertion of this action or of any particular claim included herein have occurred or been waived or excused." (*See* Am.Compl. ¶ 43.) Whether or not the Plaintiffs demanded a retraction is an issue of fact left for resolution at trial. Moreover, resolution of this question is irrelevant, as section 770.01 of the Florida Statutes is not applicable to non-media defendants. This restriction includes non-media defendants whose alleged defamatory statements are republished by news media. *See Nelson v. Associated Press, Inc.*, 667 F.Supp. 1468, 1474 (S.D.Fla.1987) (citing *Bridges v. Williamson*, 449 So.2d 400, 401 (Fla.Dist.Ct.App. 1984) and *Davies v. Bossert*, 449 So.2d 418, 420 (Fla.Dist.Ct.App.1984)).[1]

Conover asserts that it qualifies as a media defendant and accordingly enjoys the privi-

---

1. In 1982, this Court held that 770.01 applies to all defendants in civil actions for libel or slander.

lege extended by section 770.01. (*See* Def.'s Resp. at 7, n. 1.) The Court does not accept this characterization. By definition, all news media disseminates information, but it is a syllogism to conclude (as does Conover) that all those who disseminate information automatically qualify as news media. The function of the media is to inform and to initiate " 'uninhibited, robust, and wide-open' debate on public issues." *See Gertz v. Robert Welch, Inc.*, 418 U.S. 323, 339, 94 S.Ct. 2997, 41 L.Ed.2d 789 (1974) (citing *New York Times Co. v. Sullivan*, 376 U.S. 254, 270, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964)). False, intentionally misleading or defamatory publications have "no essential part of any exposition of ideas, and are of such slight social value as a step to truth that any benefit that may be derived from them is clearly outweighed by the social interest in order and morality." *See Chaplinsky v. New Hampshire*, 315 U.S. 568, 572, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). Florida courts have refused to define parties making defamatory statements later reported by news outlets as media in and of themselves. *See Mancini v. Personalized Air Conditioning & Heating, Inc.*, 702 So.2d 1376, 1380 (Fla.Dist.Ct.App. 1997); *Bridges, supra.*

■ Conover, a public-relations firm and registered agent of Banco Central, is in the business of public relations and lobbying for its clients. Conover does not impartially disseminate information. Nor, for that matter, does it issue unsolicited, disinterested and neutral commentary as to matters of public interest, or editorialize as to matters of public interest without being commissioned to do so by its clients. It does not logically follow that because Conover sent copies of the

Press Release to various parties, including major South Florida news media, Conover itself qualifies as media.[2] However nebulous the definition of media, it is certain that Conover does not fall under its rubric. As such, Section 770.01 is not applicable.

■ For substantially the same reasons, the Court rejects Conover's argument that the Press Release was protected by the neutral and fair reporting privileges. Conover correctly acknowledges that it is the domain of this Court to resolve the question of whether or not such a privilege exists. *See Huszar v. Gross*, 468 So.2d 512, 515–16 (Fla. Dist.Ct.App.1985). However, neutral reporting privilege is only extended to "disinterested and neutral reporting" by members of the media. *See id.* 468 So.2d at 516. The fair reporting privilege is extended to news media "to accurately report on the information they receive from government officials," protecting the reporting media if that information is inaccurate. *See Woodard v. Sunbeam Television Corp.*, 616 So.2d 501, 502 (Fla. Dist.Ct.App.1993).

■ As noted above, Conover does not qualify as news media, and it is neither disinterested nor neutral insofar as events relating to Banco Central are concerned. Moreover, Plaintiffs allege that the Press Release does not accurately report their agreement with the Federal Reserve. Thus, the Complaint alleges the Press Release to be a nonmedia, partisan attack which misconstrued government action, rather than a neutral media report of government-disseminated information.[3] If this is established at trial, neither privilege would be applicable.

■ Conover argues that Plaintiffs have not pled that it published the Press Release maliciously, correctly noting that libel is a

---

*See Laney v. Knight–Ridder Newspapers, Inc.*, 532 F.Supp. 910, 912 (S.D.Fla.1982) In the absence of specific instances of Florida's intent to the contrary, the Court was unwilling to impute a restrictive reading of the statute. *See id.* 532 F.Supp. at 912. Subsequently, however, Florida courts have construed 770.01 to apply only to media defendants (*Davies* going so far as to assert that its use of the phrase "other medium" only applies to television and radio broadcasters, 449 So.2d at 401), and the Court is therefore bound by this interpretation.

**2.** Florida courts have previously refused to define the author of letter to a local newspaper as a media defendant. *See Perry v. Cosgrove*, 464 So.2d 664, 665 (Fla.Dist.Ct.App.1985).

**3.** There is "no qualified privilege to defame a private individual simply by value of the matter being of public concern," even for the media. *See Ortega v. Post–Newsweek Stations*, 510 So.2d 972 (Fla.Dist.Ct.App.1987).

compound of written falsity and malicious publication. However, the falsity may consist in untrue imputation as well as direct statement, and malice may be inferred from the nature of the charges made as well as from the circumstances. *See Caldwell v. Crowell–Collier Pub. Co.,* 161 F.2d 333, 335 (5th Cir.1947).

 False imputations may be actionable per se, that is in themselves, or per quod, that is on allegation and proof of special damage. *See id.,* 161 F.2d at 335. A publication is libelous per se, and thus published with malice, when, considered alone and without innuendo, it subjects a person to hatred, distrust, ridicule, contempt, or disgrace, tends to injure a person in her trade or profession, or imputes to a person conduct, characteristics, or conditions incompatible with the proper exercise of a lawful business, trade, profession, or office. *See Cooper v. Miami Herald Publ'g Co.,* 159 Fla. 296, 31 So.2d 382, 384 (1947); *Barry College v. Hull,* 353 So.2d 575, 578 (Fla.Dist.Ct.App.1977). When determining whether a published statement constitutes libel per se, an arbiter of fact may consider only the "four corners" of the publication. *See id.,* 353 So.2d at 578. In addition, the language of the document should not be interpreted in the extreme, but construed as the "common mind" would naturally understand it. *See McCormick v. Miami Herald Publ'g Co.,* 139 So.2d 197, 200 (Fla.Dist.Ct.App.1962).

 The pleadings allege libel per se.[4] Plaintiffs claim that Defendants united to publish a Press Release which, considered alone and without innuendo, imputes conduct, characteristics, and conditions incompatible with the proper exercise of a lawful business. Moreover, the Amended Complaint alleges that this publication was undertaken with malicious intent. (*See* Am.Compl. ¶¶ 33, 48, 55.) Whether or not these charges can be substantiated is a matter of fact to be determined at trial, but the fact remains that Plaintiffs have pled sufficiently so as to preclude dismissal. Given Plaintiffs' allegations and the unresolved matters of fact they raise, the Court declines to dismiss Count I of the Plaintiffs' Amended Complaint, and similarly declines to grant summary judgment.

### Count II: False Light Invasion of Privacy

 Conover correctly argues that the false light privacy claim as presented by the Plaintiffs is precluded, because it is based on the same facts giving rise to the claim for defamation. "Florida courts have held that a single wrongful act gives rise to a single cause of action, and that the various injuries resulting from it are merely items of damage arising from the same wrong," *See Easton v. Weir,* 167 So.2d 245 (Fla.Dist.Ct.App.1964). "A contrary result might very well enable plaintiffs in libel to circumvent the notice requirements of Fla.Stat. 770.01 by the simple expedient of redescribing the libel action to fit a different category of intentional wrong." *Orlando Sports Stadium, Inc. v. Sentinel Star Co.,* 316 So.2d 607, 609 (Fla. Dist.Ct.App.1975). Thus, if the sole cause of action for the false light invasion of privacy

4. Even in the absence of this finding, Conover's argument that "Plaintiffs are required to plead actual malice," Def.'s Mot. at 11, still fails. Conover asserts that the Plaintiffs are public figures involved in a matter of public concern. Def.'s Memo. at 11. Conover argues that, this being the case, Plaintiffs must allege that it published the Press Release with a high degree of awareness of its probable falsity, citing *Garrison v. Louisiana,* 379 U.S. 64, 74, 85 S.Ct. 209, 13 L.Ed.2d 125 (1964), in support of this argument. The Court will not rule on the issue of whether or not Plaintiffs are, in fact, public figures involved in a matter of public concern. It is notable, however, that *Garrison* pertains to matters involving public *officials,* not public figures generally. *Garrison,* 379 U.S. at 67, 85 S.Ct. 209. More instructive in regard to the issue of public *figures* is the ruling in *Butts v. Walker,* 388 U.S. 130, 87 S.Ct. 1975, 18 L.Ed.2d 1094 (1967). In

holding that libel actions involving public figures (as opposed to public officials) "cannot be left entirely to state libel laws," *Butts,* 388 U.S. at 154, 87 S.Ct. 1975, the Supreme Court held that a " 'public figure' who is not a public official may also recover damages for a defamatory falsehood whose substance makes substantial danger to reputation apparent, on a showing of highly unreasonable conduct constituting an extreme departure from the standards of investigation and reporting ordinarily adhered to by responsible publishers." *Id.* While *Butts* referred primarily to media defendants, it is the source of defamation law as pertains to public figures, and would have been of greater use here than *Garrison.*

In any case, Plaintiffs have charged actual malice. Am. Compl. ¶¶ 33, 48, 55.

claim is the same defamatory publication that gives rise to the defamation claim (i.e., the Press Release), the false light claim is precluded. This does not prevent recovery under a false light invasion of privacy claim upon separate causes of action pled upon the existence of independent facts. *See Fridovich v. Fridovich*, 598 So.2d 65, 70 (Fla.1992); *Byrd v. Hustler Magazine, Inc.*, 433 So.2d 593, 594–95 (Fla.Dist.Ct.App.1983) (false light claim rejected when based on same factual allegations as defamation claim). "This single publication/single action rule is designed to discourage the erosion of free speech safeguards by the simple expedient of looking to a substitute cause of action." *Orlando Stadium*, 316 So.2d at 609.[5]

Plaintiffs have already availed themselves of the opportunity to amend their initial complaint. Am. Compl., filed June 9, 1998. As the Plaintiffs failed to base their false light claim on a separate cause of action in both the Complaint and Amended Complaint, the Court must assume that they are unable to do so. Accordingly, this Court will dismiss Count II, with prejudice.

Given the above findings, and the Court's view that Florida Rule 768.72 is a procedural rather than substantive standard, *see Tutor Time Child Care Sys., Inc. v. Franks Invest. Group, Inc.*, 966 F.Supp. 1188 (S.D.Fla.1997), the claim for punitive damages stands.

### *Conclusion*

Accordingly, after a careful review of the record and the Court being otherwise fully advised, it is

ORDERED and ADJUDGED that Conover's Motion to Dismiss Count I be, and the same is hereby, DENIED. Conover's Motion for Summary Judgment as to Count I is DENIED. It is further

ORDERED and ADJUDGED that Conover's Motion to Dismiss as to Count II be, and the same is hereby, GRANTED, with prejudice. Conover's Motion for summary Judgment as to Count II is hereby DENIED as moot. It is further

ORDERED and ADJUDGED that Conover's Motion to Strike Plaintiff's Claim for Punitive Damages be, and the same is hereby, DENIED.

---

5. Plaintiffs argue, correctly, that Florida recognizes false light invasion of privacy claims. This is not the issue, however; the issue is whether or not that claim may stand if based upon the same cause of action as the defamation claim. As explained, it may not.