PALMER, J.
Plant Food Systems, Inc. (PFS) appeals the final order entered by the trial court dismissing, with prejudice, its defamation complaint filed against Michael S. Irey, the University of Florida Board of Trustees, and the United States Sugar Corporation. Determining that, dismissal was warranted because PFS did not provide the defendants with pre-suit notifications as required by statute, we affirm.
PFS’s defamation claims relate to alleged defamatory statements regarding PFS’s chemical products contained in an article co-authored by, among others, Michael Irey, an employee of the United States Sugar Corporation, and James H. Graham, an employee of the University of Florida Board of Trustees. The article was published by Elsevier, an internet publisher of scientific and technical journals'. The complaint alleges that the authors knew that Elsevier was in the business of publishing scholarly articles worldwide and that the article was published by the authors to Elsevier for further publication to the broader public.
The defendants filed motions to dismiss the complaint based on PFS’s failure to *860 comply with the terms of section 770.01, Florida Statutes that requires pre-suit notification in certain slander and libel cases:
770.01. Notice condition precedent to action or prosecution for libel or slander
Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory.
§ 770.01, Fla. Stat. (2013). The trial court granted the motions, concluding that, pursuant to this court’s decision in Comins v. Vanvoorhis, 135 So.3d 545 (Fla. 5th DCA 2014), Elsevier’s website, as well as the authors whose article was published on Elsevier’s website, were entitled to, but did not, receive pre-suit notice.
PFS appeals, contending that the trial court misinterpreted our Comins decision and that the defendants were not required to receive pre-suit notice. We disagree.
In Comins, Comins sued Vanvoorhis claiming that he had defamed Comins by posting comments on his personal blog. The blog was intended to provide a forum where VanVoorhis could publicly comment on issues of public concern. The trial court entered summary judgment against Comins, ruling that Vanvoorhis’s blog fell “under the rubric of ‘other medium’ as used in section 770.01” and, therefore, Co-mins was required to give Vanvoorhis pre-suit notice before filing his defamation lawsuit. Our court affirmed. In so ruling, we addressed several out-of-district cases interpreting the statute and, on the issue of the other districts’ holdings that section 770.01 only applies to “media defendants”, our court explained:
The “media defendant” issue arises because of certain language appearing in prior decisions of the Florida Supreme Court. In Jews for Jesus, Inc. v. Rapp, 997 So.2d 1098, 1112 (Fla.2008), the court commented that “[u]nder Florida’s defamation law, a prospective plaintiff is required to give a media defendant notice five days before initiating a civil action.” However, this language does not necessarily mean that only media defendants are entitled to pre-suit notice under section 770.01. The line of cases imposing the “media defendant” requirement rely mainly on the Florida Supreme Court’s much earlier opinion in Ross v. Gore, 48 So.2d 412 (Fla.1950).
Comins, 135 So.3d at 549-50 (footnote omitted). In further discussing the application of the Ross opinion, our court stated:
In answering the question whether Van[v]oorhis’s blog and blog posts come within the purview of the prescribed “other medium” entitled to presuit notice, we look to the Ross decision to determine whether the blog is operated to further the free dissemination of information or disinterested and neutral commentary or editorializing as to matters of public interest.
Id. at 557 (emphasis added). The court then applied the Ross standard to the facts at hand and concluded that Vanvoorhis’s blog was covered under the “other medium” language in section 770.01 because the blog was operated to further the free dissemination of information or disinterested and neutral commentary or editorializing as to matters of public interest. Id. at 560.
PFS asserts that the trial court erred in relying on Comins because the facts in *861 that case are distinguishable from, and thus the ruling therein is not controlling over, this case. Specifically, PFS argues that the analysis set forth in Comins is not applicable here because the instant facts involve a website which published independent authors’ writings, not a blog publishing the blog owner’s writings. We disagree.
In Comins, we held that, under Ross, the “notice requirement of section 770.01 applies to allegedly defamatory statements made in such a public medium, the purpose of which is the free dissemination of news or analytical comment on matters of public concern”. Comins, 135 So.3d at 560. The allegations of the instant complaint sufficiently establish that Elsevier’s website is a public medium engaging in the free dissemination of information or disinterested and neutral commentary or editorializing on matters of public interest since the complaint alleges that Elsevier is an internet publisher of various purportedly scientific, technical, and medical journals and information.
Accordingly, on these facts, the trial court properly concluded that section 770.01’s pre-suit notice requirement applies to the defamation claims in this case.
AFFIRMED.
ORFINGER and EVANDER, JJ„ concur.