Mr. Kelly Brock Superintendent District School Board Washington County 206 N. 3rd Street Chipley, Florida 32428
Dear Mr. Brock:
This is in response to your request for an opinion on substantially the following questions:
 1. UNDER s. 234.051, F.S., WOULD CONVENTIONAL VANS OWNED, LEASED, OR OPERATED BY DISTRICT SCHOOL BOARDS BE ACCEPTABLE FOR TRANSPORTATION OF STUDENTS TO AND FROM SCHOOL OR TO AND FROM SCHOOL-RELATED ACTIVITIES ON A REGULAR BASIS?
 2. UNDER s. 234.051, F.S., WOULD CONVENTIONAL VANS OWNED, LEASED, OR OPERATED BY DISTRICT SCHOOL BOARDS BE ACCEPTABLE FOR TRANSPORTATION OF STUDENTS ON AN IRREGULAR BASIS?
 3. WHAT IS A SCHOOL BOARD'S LIABILITY WHEN A PRIVATELY-OWNED VEHICLE, DRIVEN BY THE OWNER, IS USED ON A VOLUNTARY BASIS TO TRANSPORT STUDENTS TO AND FROM SCHOOL-RELATED ACTIVITIES?
You pose your questions as Chairman of the Board of Directors for a twelve-member school district risk management consortium in an effort to resolve certain risk management and loss prevention issues. The questions submitted were also posed under federal school bus safety standards; however, this office is without the authority to render legal opinions on federal regulatory matters and it is recommended that such inquiries be submitted to the appropriate federal regulatory agency for response. Therefore, the references to federal school bus safety standards have been deleted from the questions posed and discussion of federal regulatory matters is not included in this opinion.
QUESTIONS ONE AND TWO
The legal principles involved in your first two questions are equally applicable to both questions and they are therefore answered together.
Section 234.051(1), F.S., provides:
 For the purpose of the school code, a "school bus" is defined as a motor vehicle regularly used for the transportation of pupils of the public schools to and from school or to and from school activities, and owned, operated, rented, or leased by any school board, excepting:
 (a) Motor vehicles of the type commonly called pleasure cars and carrying eight pupils or less; and
 (b) Motor vehicles subject to, and meeting all requirements of, the Public Service Commission and operated by carriers operating under the jurisdiction of the Public Service Commission, but not used exclusively for the transportation of public school pupils.
You have stated that the "conventional vans" in question which are owned, leased, or operated by the school board seat and are used to transport more than eight students. It should therefore be initially noted that the exception provided in subsection (1)(a) would not be applicable in this situation. Every motor vehicle meeting the definition of "school bus" set forth in subsection (1) with a total seating space of more than 10 lineal feet must meet the specifications prescribed by the State Board of Education. See, s. 234.051(2), F.S. And see, Rule 6A-3.27, F.A.C. The board's specifications for school buses are set forth in Rule 6A-3.31, F.A.C. See also, Rule 6A-3.29, F.A.C. (1984 Supp.).
The language of s. 234.051 is plain and where the language of a statute is clear and unambiguous and conveys a clear and definite meaning there is no need to resort to rules of statutory interpretation and construction and the statute must be given its plain and obvious meaning. See, Thayer v. State, 335 So.2d 815
(Fla. 1976); Ross v. Gore, 48 So.2d 412 (Fla. 1950); Clark v. Kreidt, 199 So. 333 (Fla. 1940). As the statute clearly provides, a "school bus" is a motor vehicle regularly used for the transportation of pupils of the public schools to and from school or to and from school activities, and owned, operated, rented, or leased by any school board.
The statute lists two exceptions which are not applicable to the circumstances of or type of vehicles described in your inquiry. The rule of construction pertaining to the application of specific exceptions to a statute is that the express enumeration of exceptions to a statute operates to impliedly exclude all other things not expressly mentioned (expressio unius est exclusio alterius). See, Thayer v. State, supra; Dobbs v. Sea Isle Hotel,56 So.2d 341 (Fla. 1952); Ideal Farms Drainage Dist. v. Certain Lands, 19 So.2d 234 (Fla. 1944). Therefore, as the statute clearly defines "school bus" as any motor vehicle owned, operated, rented or leased by the school board and used for the purposes set forth therein, and would include a "conventional van" used for those purposes which is owned, leased, or operated by any school board, such vehicle therefore must meet the specifications prescribed by regulations of the state board for "school buses."
You also inquire whether such "conventional vans" used on an "irregular" basis would be acceptable for transportation of students under s. 234.051, F.S. The statute defines a "school bus" (required to meet the specifications prescribed by the state board) as a motor vehicle regularly used for the transportation of pupils of public schools. The usual and ordinary meaning of the word "regular" is "usual; normal; customary." The Random House Dictionary of the English Language 1209 (1967). See also, 76 C.J.S. Regularly p. 610 (in a regular manner; in accordance with law), citing, United States v. Atlantic Fruit Co., 212 F. 711 (2nd Cir. 1914). Thus, if the normal or customary use of the "conventional van" is for purposes of transporting students to and from school or to and from school activities, then such vehicle would have to be considered a "school bus" within the purview of s. 234.051, F.S. Cf., s. 316.615, F.S., use of the word "primarily." Applying the meaning of the word "regular" to factual circumstances raised in materials accompanying your request, it would appear that a vehicle used to transport students to school on a fixed schedule is clearly being used as a school bus. However, the fact that a vehicle is used on an "irregular" basis to transport students to school or school activities would not necessarily take the vehicle out of the scope of s. 234.051. While an occasional use of a delivery van to pick up students on an emergency basis would not appear to necessitate the vehicle being in compliance with the requirements of the statute, if, for example, the van were used to transport students to all of the out-of town basketball games, even though such purpose did not constitute the primary use of the vehicle, I am of the opinion that such van would have to be considered a "school bus" as provided by s. 234.051.
QUESTION THREE
Your third question involves a mixed question of law and fact which this office cannot resolve. Section 234.03(1), F.S., however, provides that each school district shall be liable for tort claims arising out of any incident or occurrence involving a school bus or other motor vehicle owned, maintained, operated, or used by such school board to transport persons subject to the provisions of s. 768.28 and the limitations specified therein. See, s. 234.03(2) authorizing the school board to secure and keep in force a medical payments plan or medical payments insurance on school buses and other vehicles. And see, s. 234.03(4) providing that if the vehicles used for the transportation "are not owned by the school board, such school board is authorized to require owners of such vehicles to show evidence of adequate insurance during the time that such vehicles are in the services of the school board." The answer, however, as to the potential liability of a school board would be dependent upon the factual circumstances present in the particular situation in question.
In summary, it is therefore my opinion that, until and unless judicially or legislatively determined otherwise, a conventional van regularly used for the transportation of pupils of the public schools to and from school or to and from school activities, and owned, operated, rented, or leased by a school board, if such van carries more than eight pupils is a school bus within the purview of s. 234.051, F.S., and must comply with the specifications prescribed by the regulations of the State Board of Education. Moreover, the term "regularly" used for the transportation of pupils of the public schools to and from school or to and from school activities as employed in s. 234.051 to define "school bus" means that such use is the usual, normal or customary use of the vehicle in question.
Sincerely,
Jim Smith Attorney General
Prepared by:
Craig Willis Assistant Attorney General