565 So.2d 887 (1990)
Janet L. GIFFORD, Appellant,
v.
William Maxwell BRUCKNER, Jr., a/K/a "Bill Bruckner" and Florida Aerial Advertising Inc., a Florida Corporation, Appellees.
No. 90-00238.
District Court of Appeal of Florida, Second District.
August 17, 1990.
*888 Paul E. Gifford of Law Offices of Paul E. Gifford, Miami, for appellant.
Brent A. Owens and Dennis P. Dore of Dennis P. Dore, P.A., Tampa, for appellee William Maxwell Bruckner, Jr.
Jawdet I. Rubaii, Clearwater, for appellee Florida Aerial Advertising, Inc.
PER CURIAM.
Janet Gifford appeals an order of the circuit court which dismisses her defamation action against appellees William Bruckner and Florida Aerial Advertising.[1] We reverse.
Gifford's complaint charged that Bruckner, the controlling officer of Florida Aerial Advertising, overflew the city of St. Petersburg on various dates towing messages which Gifford asserted were defamatory. In its order of dismissal the circuit court found that the complaint failed to allege a cause of action and that Gifford had not complied with the requirements of section 770.01, Florida Statutes (1989). This section provides:
Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he alleges to be false and defamatory.
Prior to filing her complaint Gifford wrote appellees' counsel demanding a retraction. It would appear that this letter, which did not fully identify the allegedly defamatory statements, provided insufficient notice. See, e.g., Hulander v. Sunbeam Television Corp., 364 So.2d 845 (Fla. 3d DCA 1978), cert. denied, 373 So.2d 459 (Fla. 1979).[2] However, this court has held that section 770.01 does not apply when an action is brought against a non-media defendant. Bridges v. Williamson, 449 So.2d 400 (Fla. 2d DCA 1984). A thorough analysis of the term "medium," as used in the statute, was conducted in Davies v. Bossert, 449 So.2d 418 (Fla. 3d DCA 1984), with the court concluding that the legislature intended to include only television and radio broadcasters. Despite appellees' *889 claim that Florida Aerial is engaged in "media activities [and] is a media defendant," we cannot agree that a banner towed overhead by an airplane falls within the purview of the statute. To the extent it holds to the contrary, the circuit court's order is in error.
Gifford does not contest on appeal that portion of the order which holds that her complaint fails to state a cause of action. Therefore, after remand the circuit court shall afford Gifford a reasonable time within which to amend her complaint.
Reversed.
DANAHY, A.C.J., and CAMPBELL and FRANK, JJ., concur.
NOTES
[1] This appeal was initiated by the timely filing of notice. However, because the circuit court's order indicates that the dismissal of Gifford's complaint is "without prejudice," appellees maintained that the order was non-final in nature and thus not appealable. Hancock v. Piper, 186 So.2d 489 (Fla. 1966). Gifford, in response to the motion, suggested that review by certiorari would be appropriate because of the possibility of irreparable injury that would not be remediable by appeal. See Bridges v. Williamson, 449 So.2d 400, 401 (Fla. 2d DCA 1984). We denied appellees' motion to dismiss on this basis. Having reviewed the entire record as well as the briefs submitted by both parties, we now conclude that the circuit court's order is in fact a final order and therefore appealable. Compliance with section 770.01, where necessary, is a condition precedent to maintaining an action, and one cannot satisfy the statute by providing notice subsequent to filing the complaint. Orlando Sports Stadium, Inc. v. Sentinel Star Co., 316 So.2d 607 (Fla. 4th DCA 1975). If the statute were applicable to Gifford's action, amendment of the existing complaint would not be authorized. Presumably, therefore, the circuit court dismissed the action without prejudice to refile rather than merely to amend.
[2] A second and more thorough letter from Gifford's attorney followed, but not until after the filing of the complaint.