NORTHCUTT, Judge.
We vacate the ■ circuit court’s order dismissing Richard Doss’s action with prejudice because the court lacked jurisdiction to do so.
Doss, a state prison inmate, filed a pro se complaint against several prison officials challenging disciplinary actions that had been taken against him. He sought to be released from disciplinary confinement and to have two disciplinary reports expunged from his record. In a May 30, 1996 order, the circuit court treated Doss’s complaint as a petition for writ of mandamus. Noting that Doss apparently had not pursued administrative remedies, the court dismissed his petition “without prejudice to allow the Petitioner to exhaust his administrative remedies.”
In November 1996 the defendants filed a motion seeking to have Doss’s suit dismissed with prejudice. They alleged that Doss had completed his administrative challenges to the disciplinary reports, but had. failed to amend his petition in a timely manner. The circuit court, proceeding without a hearing, granted the motion and dismissed Doss’s action with prejudice.
On appeal, Doss contends the dismissal with prejudice was error because the May 1996 order did not specify a time in which he was to amend his petition, nor did it put him on notice that his failure to amend would result in a dismissal with prejudice. The appellees counter that the May 1996 order implicitly directed Doss to amend his petition within a reasonable time after he exhausted his administrative remedies, that he had not done so after an inordinate period, and that, therefore, the circuit court had inherent authority to finally dismiss the case.
If the May 1996 dismissal order had provided that Doss was to amend his petition, we would agree with his argument and remand for further proceedings. See Edward L. Nezelek, Inc. v. Sunbeam Television Corp., 413 So.2d 51, 54-55 (Fla. 3d DCA), review denied, 424 So.2d 763 (Fla.1982). But it is apparent to us that the parties and, indeed, the circuit court, are mistaken in their understanding of the effect of that order. It did not grant Doss leave to amend his petition. Rather, because Doss apparently had failed to 'meet a procedural prerequisite to the relief he sought, the order dismissed his action.
Although the May 1996 dismissal appropriately was without prejudice to Doss’s ability to refile the action after he exhausted his administrative remedies, the order did finally dispose of the proceeding then pending before the court. See Eagle v. Eagle, 632 So.2d 122 (Fla. 1st DCA 1994); Gifford v. Bruckner, 565 So.2d 887 (Fla. 2d DCA 1990). Upon the expiration of the ten-day rehearing time, the circuit court lost jurisdiction over the matter until such time as Doss refiled his suit. See Derma Lift Salon, Inc. v. Swanko, 419 So.2d 1180 (Fla. 3d DCA 1982). The later order dismissing Doss’s action with prejudice, thereby adjudicating it on the merits, was void for lack of jurisdiction. Accordingly, we vacate that order.
Order vacated.
BLUE, A.C.J., and FICARROTTA, GASPER J., Associate Judge, concur.