763 So.2d 1173 (2000)
Robert ZELINKA, Petitioner,
v.
AMERICARE HEALTHSCAN, INC., Americare Diagnostics, Inc., Joseph P. D'Angelo, Technical Chemicals and Products, Inc., and Jack L. Aronowitz, Respondents.
No. 99-3030.
District Court of Appeal of Florida, Fourth District.
January 26, 2000.
Eric Lee and Jan Douglas Atlas of Atlas, Pearlman, Trop & Borkson, P.A., Fort Lauderdale, for petitioner.
Miyoshi D. Smith and Patricia Klein, Miami, for Respondents-Americare Healthscan, Inc., Americare Diagnostics, Inc., and Joseph P. D'Angelo.
STEVENSON, J.
The issue in this case is whether a plaintiff in a libel action which is based on the posting of allegedly false and defamatory statements on an internet "message board" is required to comply with the presuit notice requirements of Florida Statutes chapter 770 (1999). The trial court determined that the statutory presuit notice requirements did not apply and denied petitioner's motion to dismiss respondents' defamation action where no presuit notice was alleged in the complaint.[1] We deny the ensuing petition for writ of certiorari and conclude that the trial court did not depart from the essential requirements of the law in denying the motion to dismiss since petitioner, a mere internet-using, private individual, is not a "media defendant" to which the presuit notice requirements apply.
*1174 Respondents, Americare Healthscan, Inc., Americare Diagnostics, Inc., and Dr. Joseph P. D'Angelo, filed a four-count complaint against petitioner, Robert Zelinka, and other defendants, alleging in counts I and II libel per se and libel per quod based on the publication of allegedly false and defamatory statements on an internet "message board." The complaint alleges that the board where the messages were posted is maintained for the purpose of transmitting information about Technical Chemicals and Products, Inc., a corporation which was involved in litigation with the respondents. Zelinka was not alleged to be the owner or operator of the web site where the bulletin board was located.
The message board is described in the complaint as follows:
19. Yahoo! is accessed through the World Wide Web and is a bulletin board system which provides a means of communication between people all over the world wishing to communicate with other people regarding certain subjects or message boards that are maintained by Yahoo!. The messages posted on the Yahoo! board are disseminated among millions of people every day who use the Yahoo! bulletin board system to either communicate or to publish information regarding a subject of their choosing.
Florida Statutes section 770.01 requires that, in certain circumstances, notice must be given to a potential defendant before a libel action can be filed:
Notice condition precedent to action or prosecution for libel or slander. Before any civil action is brought for publication or broadcast, in a newspaper, periodical, or other medium, of a libel or slander, the plaintiff shall, at least 5 days before instituting such action, serve notice in writing on the defendant, specifying the article or broadcast and the statements therein which he or she alleges to be false and defamatory. (emphasis supplied).
Section 770.02 allows the defendants to whom section 770.01 is applicable the right to avoid punitive damages by the timely publication of a correction, apology, or retraction.
In its original form, section 770.01 applied only to newspapers and periodicals. The Florida Supreme Court found that the notice requirement was designed to allow for the timely retraction of erroneous information in an attempt to balance the individual's right to be free from defamation against the public's "interest in the free dissemination of news." Ross v. Gore, 48 So.2d 412, 415 (Fla.1950)(rejecting an equal protection claim). After looking at the underlying purpose for the legislation, the Court concluded that "[t]he provision for retraction is peculiarly appropriate to newspapers and periodicals, as distinguished from private persons." Id. at 414. The Court went on to note that "the Legislature might well have included radio broadcasting stations within the terms of the statute," but chose not to do so in that earlier version of the statute. Id.
In 1976, the statute was amended to include reference to "broadcasts" in addition to "publications" and to "other mediums" in addition to newspapers and periodicals. That was the last substantive amendment to section 770.01. The Third District interpreted the term "other medium" to refer to television and radio broadcasting stations, concluding that the section did not apply to broadcasts over the citizen's band radio. See Davies v. Bossert, 449 So.2d 418, 420 (Fla. 3d DCA 1984). Compare Gifford v. Bruckner, 565 So.2d 887 (Fla. 2d DCA 1990)(holding that section does not apply to defendant who flew airplane towing banner with alleged defamatory statements).
Petitioner asserts that this court should find that the internet is an "other medium" within the meaning of the statute, akin to broadcasts, periodicals, newspapers and the like. Petitioner argues that it is the responsibility of the courts to "`modernize traditional principals of tort law ... as society and technology change,'" quoting King v. Cutter Laboratories, Division of Miles, Inc., 714 So.2d 351, 355 (Fla.)(quoting *1175 Conley v. Boyle Drug Co., 570 So.2d 275, 284 (Fla.1990)), review dismissed, 725 So.2d 1108 (Fla.1998). Here, we need not reach the issue of whether the internet is a "medium" within the meaning of section 770.01.[2] Even if an internet bulletin board was a "medium" within the scope of the statute, no precedent would allow this court to extend the statutory notice requirement to a private individual who merely posts a message on the board.
Every Florida court that has considered the question has concluded that the presuit notice requirement applies only to "media defendants," not private individuals. See Tobkin v. Jarboe, 695 So.2d 1257, 1258-59 (Fla. 4th DCA 1997)(holding that notice requirement does not apply to client who made Bar complaint), approved on other grounds, 710 So.2d 975 (Fla.1998); Gifford, 565 So.2d at 887 (see discussion above); Della-Donna v. Gore Newspapers Co., 463 So.2d 414 (Fla. 4th DCA 1985)(holding that section does not apply to non-media defendants); Davies, 449 So.2d at 418 (see discussion above); Bridges v. Williamson, 449 So.2d 400 (Fla. 2d DCA 1984)(holding that section does not apply even where individuals' statements were republished in a newspaper); Ross, 48 So.2d at 412 (see discussion above). But see Laney v. Knight-Ridder Newspapers, Inc., 532 F.Supp. 910, 913 (S.D.Fla.1982)(stating that "it would be grossly unfair ... to deny non-media defendants [notice and] the opportunity to mitigate actual damages" by retraction), expressly disapproved in Bridges and Davies.
The terms media and non-media defendants are meant to distinguish between "third parties who are not engaged in the dissemination of news and information through the news and broadcast media from those who are so engaged." Mancini, 702 So.2d at 1380. In Mancini, this court concluded that the notice requirement applied to a newspaper columnist who allegedly made defamatory statements in her column, as well as to the newspaper itself, but not to private individuals. Based on the overwhelming authority going against petitioner on this point, we conclude that the notice requirement does not apply to a private individual who posts a message on a computer service that is owned and operated by someone else. The petitioner in this case is in the same position as that of the private individuals in the Davies, Bridges and Gifford cases, whose statements were "broadcast" to the public, but who themselves were not members of "the media."
It may well be that someone who maintains a web site and regularly publishes internet "magazines" on that site might be considered a "media defendant" who would be entitled to notice. Zelinka does not fall into that category; he is a private individual who merely made statements on a web site owned and maintained by someone else. Accordingly, we hold that the trial court did not depart from the essential requirements of the law in denying the motion to dismiss. The petition for writ of certiorari is, therefore, denied.
GROSS and TAYLOR, JJ., concur.
NOTES
[1] The denial of a motion to dismiss for failure to provide the presuit notice required by section 770.01 is a proper subject for certiorari review. See Mancini v. Personalized Air Conditioning & Heating, Inc., 702 So.2d 1376 (Fla. 4th DCA 1997).
[2] When the section was amended in 1976, a version of the precursor to the internet was available commercially. By the time that Davies was decided in 1984, the internet itself was in existence, but was not being used to any great extent by members of the general public. See http://www.pbs.org/internet/timeline.