886 So.2d 308 (2004)
Wayne BELLETETE, Appellant,
v.
Gloria HALFORD, Appellee.
No. 4D03-4150.
District Court of Appeal of Florida, Fourth District.
November 10, 2004.
Edward F. Holodak of Edward F. Holodak, P.A., Hollywood, for appellant.
Linda L. Houghtaling of Linda Lee Houghtaling, P.A., Miami, for appellee.
PER CURIAM.
Wayne Belletete sued his former landlady, Gloria Halford, for discrimination under the Florida Civil Rights Act (FCRA), the Florida Fair Housing Act (FHA), and Florida Statutes section 760.50, in addition to alleging negligent infliction of emotional distress. Halford moved for summary judgment, which the trial court granted on all counts. Belletete appeals on two grounds. Because we agree with Belletete's argument that legal action against a tenant is not required as a prerequisite to a discrimination claim under Florida Statutes section 760.50, we reverse. We affirm in all other respects. It should be noted that Belletete does not raise an issue regarding the negligent infliction of emotional distress count, and as a result, the summary judgment will be affirmed as to this count without discussion.
Halford owns a multi-family dwelling at 1735 Jefferson Street in Hollywood, at which Belletete was a tenant. Belletete was required to share a bathroom and other common areas with two other tenants. Belletete told one of the tenants of *309 his HIV-positive status, and the tenant contacted Halford and explained that he refused to share rooms with Belletete. Halford then asked Belletete to vacate the premises, which he did.
Belletete returned to the premises the following day and requested that Halford write a letter explaining that he was evicted and was HIV-positive so that he could secure charitable assistance. Halford provided him with the following letter:
Wayne Belletete has been evicted from premises at 1735 Jefferson St. Hwd. because he has to share the bathroom with another person, and this is not advisable because of the conditions of health that Wayne carries (HIV-positive).
Belletete filed suit against Halford. Count I of the complaint alleged a violation of the Florida Civil Rights Act based on Florida Statutes sections 760.35 and 760.50. Count II alleged rental discrimination under Florida Statutes sections 760.23 and 760.35. Finally, Count III alleged negligent infliction of emotional distress. The letter written by Halford was attached to the complaint as an exhibit.
Following discovery, Halford filed a motion for summary judgment. The trial court conducted a hearing and granted the motion, finding that Halford requested that Belletete leave the premises but undertook no legal action, such as eviction, to interfere with his tenancy. The trial court erred by ruling that Halford was required to undertake legal action in order for Belletete to raise the discrimination claims.
Belletete asserts that summary judgment should not have been granted to Halford because legal action against a tenant is not a prerequisite to a claim of discrimination under the FCRA and FHA.
The standard of review applicable to a motion for summary judgment is de novo. Volusia County v. Aberdeen at Ormond Beach, 760 So.2d 126, 130 (Fla.2000); 5th Ave. Real Estate Dev., Inc. v. Aeacus Real Estate Ltd. P'ship, 876 So.2d 1220, 1220 (Fla. 4th DCA 2004). "Summary judgment is proper if there is no genuine issue of material fact and if the moving party is entitled to a judgment as a matter of law." Aberdeen, 760 So.2d at 130; see also Cheeks v. Dorsey, 846 So.2d 1169, 1171 (Fla. 4th DCA 2003) ("Summary judgment should not be granted if there are genuine issues of material fact.").
We first address Count I of Belletete's complaint. In this count, Belletete seeks relief under the FCRA, citing sections 760.35 and 760.50. However, neither of these sections is part of the FCRA; section 760.35 is included in the FHA and section 760.50 is included under Miscellaneous Provisions. As such, the trial court did not err in granting summary judgment to the extent that the count failed to state a legal basis for relief under the FCRA.
Florida Statutes section 760.50(4)(a) provides:
A person may not discriminate against an otherwise qualified individual in housing, public accommodations, or governmental services on the basis of the fact that such individual is, or is regarded as being, inflicted with human immunodeficiency virus.
Where an individual believes himself to be aggrieved under this provision, a "right of action in the circuit court" is provided in section 760.50(6). These provisions do not include any language indicating that prospective tenants, but not existing tenants, are covered by its protections, nor do these provisions indicate that any specific conduct, such as eviction, is a prerequisite to bringing a cause of action for discrimination under section 760.50 in circuit court. As a result, the trial court erred by concluding that summary judgment should be granted on Count I to the extent it raises a *310 claim under section 760.50 because such a cause required that Halford take action to interfere with Belletete's tenancy. Legal action is simply not the sine qua non of discrimination under section 760.50. Therefore, the summary judgment should be reversed and remanded on this ground for further proceedings to determine whether what transpired between Halford and Belletete was discrimination under section 760.50.
We next address Count II, and the remaining portion of Count I, which deal with the FHA, including section 760.35. Section 760.23 provides:
It is unlawful to refuse to sell or rent after the making of a bona fide offer, to refuse to negotiate for sale or rental of, or otherwise to make unavailable or deny a dwelling to any person because of race, color, national origin, sex, handicap, familial status, or religion.
HIV-positive status is defined as a handicap by section 760.50(2). Enforcement of this provision falls to the Commission on Human Relations and "[a]ny person who claims to have been injured by a discriminatory housing practice or who believes that he or she will be injured by a discriminatory housing practice that is about to occur may file a complaint with the commission." § 760.34(1), Fla. Stat.
The trial court did not err by granting summary judgment on Belletete's FHA claims in Counts I and II because the claims were barred by the doctrine of exhaustion of administrative remedies. Sections 760.34 and 760.35 contain much the same language and structure as their counterpart in the FCRA, section 760.11. In the case of section 760.11 the "may file a complaint" language has been interpreted as follows:
Section 760.11 establishes administrative and civil remedies for violations of the Florida Civil Rights Act. Although this statute states that a complaint "may" be filed with the Commission, it is clear that such a complaint must be filed with the Commission or its federal counterpart by anyone who wishes to pursue either a lawsuit or an administrative proceeding under this act.
Ross v. Jim Adams Ford, Inc., 871 So.2d 312, 315 (Fla. 2d DCA 2004). In the case at bar, there is no record evidence that Belletete first filed a complaint based on the FHA with the Commission on Human Relations. Therefore, his FHA claims were barred,[1] and the trial court's decision to grant summary judgment on Counts I and II as they deal with the FHA is affirmed.
In sum, as to Count I, the summary judgment is affirmed in part, and reversed and remanded in part regarding section 760.50. The summary judgment is affirmed as to Counts II and III.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED for further proceedings consistent with this opinion.
GUNTHER, STONE and TAYLOR, JJ., concur.
NOTES
[1] Had Belletete properly raised any FCRA claims in Count I, they also would have been so barred.