954 So.2d 84 (2007)
FLORIDA DEPARTMENT OF EDUCATION, Appellant,
v.
Janet GARRISON, Appellee.
No. 1D06-2312.
District Court of Appeal of Florida, First District.
April 19, 2007.
*85 Daniel J. Woodring, General Counsel, and Timothy D. Osterhaus, Assistant General Counsel of the Florida Department of Education, Tallahassee, for Appellant.
Marie A. Mattox of Marie A. Mattox, P.A., Tallahassee, for Appellee.
ALLEN, J.
In this action brought under Florida's Public "Whistle-blower's Act," sections 112.3187-112.31895, Florida Statutes, the Florida Department of Education challenges a final judgment entered after a jury verdict in favor of its former employee, Janet Garrison. We affirm the final judgment and write briefly only to explain that section 768.28, Florida Statutes, has no application in connection with a claim under the Public Whistle-blower's Act ("the Act").
Although we recently affirmed an award of attorney's fees in a suit brought under the Act as a sanction against a plaintiff who failed to satisfy the presuit notice requirements of section 768.28(6), Florida Statutes, Barthlow v. Jett, 930 So.2d 739 (Fla. 1st DCA 2006), the applicability of the section 768.28 presuit notice requirements to a cause of action under the Act was not placed in issue by the parties in that case and therefore was not decided. Accordingly, it appears that the issue we address is one of first impression.
We are guided in our decision here by Maggio v. Fla. Dep't of Labor and Employment Sec., 899 So.2d 1074 (Fla.2005), in which the supreme court held that the presuit notice requirements of section 768.28(6) have no application to a cause of action under the Florida Civil Rights Act of 1992, a statutory provision similar in many respects to Florida's Public Whistle-blower's Act. Observing that resolution of the issue for decision there should be resolved through ascertainment of legislative intent as revealed by the text of the Florida Civil Rights Act, the supreme court referenced three aspects of the Florida Civil Rights Act that compelled it to conclude that the Florida Civil Rights Act was a "stand-alone statutory scheme" specifically designed to address civil rights violations:
First, the State's waiver of sovereign immunity for civil rights claims derives from the Florida Civil Rights Act, not from the waiver of sovereign immunity contained in section 768.28. Second, the inclusion of detailed presuit requirements within the Act, which serve to *86 place the State on notice of the alleged violation, suggests that the Legislature did not intend to require compliance with an additional unreferenced notice provision. And third, the express reference in the Act to section 768.28(5), but not to section 768.28(6), supports the conclusion that the Legislature did not intend that the provisions of section 768.28(6) apply to the Act.
Id. at 1078. The court bolstered its conclusion by highlighting the remedial nature of the Florida Civil Rights Act and the Legislature's express directive that it be "liberally construed" to further its general purpose.
Florida's Public Whistle-blower's Act, likewise a remedial statute that is to be given a liberal construction in favor of granting access to the remedy provided therein, see Irven v. Dep't of Health and Rehabilitative Servs., 790 So.2d 403 (Fla. 2001), shares two of the three aspects of the Florida Civil Rights Act cited by the supreme court as dispositive in Maggio. First, it clearly waives sovereign immunity independent of the waiver contained in section 768.28. And second, it contains its own detailed administrative presuit notice requirements, sets forth a plethora of other conditions that must be satisfied before a claim can be successfully brought under its provisions, and explicates the particular remedies available to an aggrieved employee (including the filing of a "civil cause of action," once certain prerequisites have been met). Although, unlike the Florida Civil Rights Act, the Public Whistle-blower's Act makes no specific reference to any of the provisions of section 768.28, this does not demonstrate that the Legislature was unaware of section 768.28 when it drafted the Public Whistle-blower's Act in 1986 (section 768.28 having been enacted in 1973) or that it somehow lacked the ability to make a specific reference to section 768.28 had it so desired. Rather, we view this as an indication that there was no legislative intent that any of the provisions of section 768.28 apply to a cause of action under the Act, which, like the Florida Civil Rights Act, is a "stand-alone statutory scheme" designed to provide an aggrieved party with a remedy against the state or its agencies or subdivisions under certain, specified conditions.
Moreover, as the supreme court recognized in Maggio, there is some question as to whether section 768.28 was ever intended to apply to a cause of action such as the one at hand, one not arising out of a recognized common law duty for which a private person would be liable:
[W]e have previously stated that the "sole purpose [of the enactment of section 768.28] was to waive [sovereign] immunity[,] which [previously] prevented recovery for breaches of existing common law duties of care." Trianon Park Condominium Ass'n, Inc. v. City of Hialeah, 468 So.2d 912, 917 (Fla.1985) (emphasis added); see also Hill [v. Department of Corrections], 513 So.2d [129,] at 133 [(Fla.1987)] (agreeing with a federal court's conclusion that section 768.28 "was limited to traditional torts; specifically, those in which the state would be liable if it were a private person"). Under this narrow reading, only those claimants bringing common law tort claims would be subject to the presuit notice requirements of section 768.28(6).
Maggio, 899 So.2d at 1081 (emphasis in original). However, as did the supreme court in Maggio, we decline to resolve this question, having already determined that the language of the Act itself reveals that the Legislature did not intend for the provisions of section 768.28 to apply to a cause of action under the Act.
*87 We note that the supreme court also briefly contemplated in Maggio whether its prior characterization of a claim of retaliatory discharge under section 440.205, Florida Statutes, as being "tortious in nature," Scott v. Otis Elevator Co., 524 So.2d 642 (Fla.1988); Scott v. Otis Elevator Co., 572 So.2d 902 (Fla.1990), served to bring such a claim within the purview of section 768.28. The supreme court observed that this court and the third district have resolved that issue in the affirmative, at least so far as the presuit notice requirements of section 768.28(6) are concerned, see Osten v. City of Homestead, 757 So.2d 1243 (Fla. 3d DCA 2000); Kelley v. Jackson County Tax Collector, 745 So.2d 1040 (Fla. 1st DCA 1999), but the supreme court declined to "determine the correctness of these decisions" because that question was not before the court for decision. Observing that section 440.205 is clearly distinguishable from the Florida Civil Rights Act in that section 440.205 has no presuit notice requirements, no designated forum for adjudicating claims, no explication of the types of relief to which an aggrieved party is entitled, and no reference to any portion of section 768.28, the supreme court concluded that section 440.205 decisional law does not lend support to the argument that claims filed under the Florida Civil Rights Act are subject to the requirements of section 768.28(6). We likewise conclude that the Public Whistle-blower's Act is distinguishable from section 440.205, and therefore the decisions construing section 440.205 are not persuasive in resolution of the issue addressed in this case.
The final judgment is AFFIRMED.
WEBSTER and ROBERTS, JJ., concur.