GRIFFIN, J.
 

 Petitioner, University of Central Florida Board of Trustees [“UCF”], seeks certio-rari review of a circuit court order denying its motion to dismiss a complaint filed under Florida’s Whistleblower’s Act
 
 [1]
 
 [the Act”] by its ex-employee, Richard Turk-iewicz [“Turkiewicz”]. UCF contends that Turkiewicz did not comply with statutory conditions precedent before filing suit and that requiring UCF to continue with the litigation will cause it irreparable harm for which there is no remedy on appeal. Because we agree that the Act requires that Turkiewicz seek relief from the Florida Commission on Human Relations [“FCHR”] before filing a civil action, and there is no dispute that Turkiewicz failed to seek relief from the FCHR, we grant the writ and quash the order.
 

 FACTS
 

 Turkiewicz was employed by UCF starting in 1988 as the Director of Safety and Security and then the Director of Police and Public Safety. Turkiewicz reported directly to and was supervised by William Merk, UCF’s Vice President for Administration and Finance. He was considered an exemplary employee. Beginning in or about late 2005 and into early 2006, Turk-iewicz disclosed to Merk what he considered to be possible regulatory violations and/or acts of gross malfeasance and waste of public funds by UCF.
 

 Turkiewicz alleges that he was summoned to a meeting with Merk on or about November 8, 2006, where Merk informed him that he should consider making a change in employment because Merk did not believe Turkiewicz to be “engaging
 
 *143
 
 enough.” On or about November 29, 2006, UCF notified Turkiewicz in writing that it would not reappoint him. This notice of non-reappointment was to be effective one year later on November 28, 2007. Rather than remain employed for that year, Turk-iewicz tendered his resignation in February 2007.
 

 In December 2006, Turkiewicz initiated a grievance against UCF pursuant to University Regulation 6C7-3.0132, “Grievance Procedures for Non-Unit Faculty and A & P Staff Members.”
 
 [2]
 
 In his grievance, Turkiewicz alleged twelve violations of University rules or Florida Statutes.
 

 UCF’s audit office investigated five of the allegations concerning financial improprieties and deemed the allegations against UCF to be unsubstantiated. The remaining seven allegations made by Turkiewicz were heard by the Step One Grievance Panel, which also concluded the charges were unfounded. In May 2007, Turkiewicz requested a Step Two hearing before a hearing officer appointed by the Division of Administrative Hearings [“DOAH”]. Turkiewicz’s request was denied, as is permitted by the regulation, and a hearing was held before UCF Vice-President Dr. Marybeth Ehasz. On December 20, 2007, Ehasz issued a decision upholding Turkiewicz’s non-reappointment and, according to Turkiewicz’s complaint, “dismissing his whistleblower allegations.”
 

 UCF President John C. Hitt upheld Ehasz’s decision of non-reappointment against Turkiewicz. In July 2008, Turk-iewicz filed suit against UCF for violation of the Act. UCF filed a motion to dismiss Turkiewicz’s complaint, asserting that he failed to exhaust his administrative remedies as is required by the statute because the Act requires an aggrieved public employee to seek redress from the FCHR prior to bringing a civil action.
 

 Turkiewicz’s response to the motion to dismiss was that the Act is to be liberally construed in favor of granting access to the remedy it provides and that he did, in fact, exhaust his administrative remedies prior to filing suit by initiating a grievance and requesting a Step One and Step Two hearing with UCF’s vice-president and president, respectively. Turkiewicz alleges that he filed suit within 180 days after he received the president’s letter upholding his non-reappointment, as is required by the final sentence of section 112.3187(8)(a). (“Upon receipt of notice from the Florida Commission on Human Relations of termination of the investigation ... may elect to pursue the administrative remedy available under section 112.31895 or bring a civil action within 180 days after receipt of the notice”). Turk-iewicz conceded that the statute refers to notice from the FCHR, but argued that, in the interest of the liberal construction to be afforded a claim under the Act, the final order issued by UCF’s president should be considered as the notice of adverse action for statute of limitations purposes.
 

 After a hearing, the trial court denied UCF’s motion to dismiss without explanation. At the hearing the trial court expressed the view that the statute was unclear. In seeking review of this order, UCF makes essentially the same arguments made to the trial court below: that if Turkiewicz wanted to make a complaint under the statute, he was required to file his complaint with the FCHR and then wait for a decision from it prior to filing a civil action. We agree.
 

 Section 112.3187(8), Florida Statutes, identifies three classes of persons who may file a whistleblower’s complaint. As a
 
 *144
 
 UCF employee, Turkiewicz falls within section 112.3187(8)(a):
 
 [3]
 

 Any employee of or applicant for employment with any state agency, as the term “state agency” is defined in s. 216.011, who is discharged, disciplined, or subjected to other adverse personnel action, or denied employment, because he or she engaged in an activity protected by this section.
 

 Subsection (a) states that this class of persons:
 

 may file a complaint, which complaint must be made in accordance with s. 112.31895. Upon receipt of notice from the Florida Commission on Human Relations of termination of the investigation, the complainant may elect to pursue the administrative remedy available under s. 112.31895 or bring a civil action within 180 days after receipt of the notice.
 

 (Emphasis added).
 

 JURISDICTION
 

 The first issue we face is jurisdiction. UCF claims that requiring it to litigate this claim will cause it irreparable harm, not just in the cost and general inconvenience of litigation, which it concedes are never sufficient to justify certio-rari jurisdiction, but also because it deprives them of the statutorily mandated pre-suit procedures that are designed to put a state agency on early notice of the claim and an administrative forum to resolve claims.
 

 UCF is correct that the denial of a motion to dismiss can be reviewed by certiorari in certain circumstances to examine a claim that statutory pre-suit requirements have not been met. For example, a claim that a party did not comply with the pre-suit requirements of section 766.106(2), Florida Statutes, in a medical malpractice action is reviewable by certiorari.
 
 See Scherer v. Rigsby,
 
 — So.3d —, 2009 WL 1872331 (Fla. 4th DCA July 1, 2009);
 
 Martin Mem’l Med. Ctr., Inc. v. Herber,
 
 984 So.2d 661, 662 (Fla. 4th DCA 2008);
 
 Sova Drugs, Inc. v. Barnes,
 
 661 So.2d 393 (Fla. 5th DCA 1995). Additionally, courts have exercised certiorari jurisdiction when a circuit court permits a party to litigate in that court where there is a contractual or legal obligation to proceed administratively.
 
 Progressive Express Ins. Co. v. Re-aume,
 
 937 So.2d 1120, 1123 (Fla. 2d DCA 2006),
 
 review denied,
 
 952 So.2d 1191 (Fla. 2007) (citing
 
 Metro. Dade County v. Recchi Am., Inc.,
 
 734 So.2d 1123 (Fla. 3d DCA
 
 *145
 
 1999),
 
 review denied,
 
 751 So.2d 1258 (Fla. 2000));
 
 Zelinka v. Americare Healthscan, Inc.,
 
 763 So.2d 1173 (Fla. 4th DCA 2000);
 
 Univ. of Miami v. Klein,
 
 603 So.2d 651, 652 (Fla. 3d DCA),
 
 review denied,
 
 613 So.2d 6 (Fla.1992).
 

 The rationale advanced by those courts that have exercised certiorari jurisdiction to review the denial of a motion to dismiss based on the failure of a plaintiff to comply with pre-suit requirements is that “statutes requiring pre-suit notice and screening cannot be meaningfully enforced post-judgment because the purpose of the pre-suit screening is to avoid the filing of the lawsuit in the first instance.”
 
 Parkway Bank v. Fort Myers Armature Works, Inc.,
 
 658 So.2d 646, 649 (Fla. 2d DCA 1995). We find the rationale of these cases and others to be applicable to this case and that we have certiorari jurisdiction.
 

 Section 112.3187(8)(a), Florida Statutes, is a pre-suit requirement.
 

 Turkiewicz urges that the use of the word “may” in section 112.3187(8)(a) indicates that the filing of a complaint with the FCHR is permissive and not mandatory: “Any employee ... may file a complaint, which complaint must be made in accordance with s. 112.31895.” Turkiewicz argues that because the statute uses the word “may,” a State employee may file a claim but if he chooses not to file a claim, he still has the option of bringing a civil action within 180 days “after receipt of the notice.” Turkiewicz contends that the “notice” he received from UCF President Hitt after his Step Two hearing can be construed as the “notice” referred to in the statute. This argument is refuted by the clear and unambiguous language of the statute. The first part of that sentence states “Upon receipt of notice
 
 from the Florida Commission on Human Relations of termination of the investigation
 
 .... ” Turkiewicz’s interpretation of the statute ignores that the statute refers to notice from the FCHR.
 

 Although the Act states that employees
 
 may
 
 file a complaint to the FCHR, it also clearly says that employees are only entitled to file a civil action within 180 days after receipt of notice from the FCHR of termination of the investigation. In this context, the use of the word “may” simply acknowledges that one who has a claim under the Act has the right to pursue a legal remedy or to choose not to pursue a legal remedy. However, if the aggrieved person does choose to pursue a legal remedy, he or she must do so by first filing a complaint with the FCHR.
 

 Legislative intent may also be verified by examining other uses of the same or similar language in similar contexts.
 
 Hankey v. Yanan,
 
 755 So.2d 93, 96 (Fla. 2000). Our Supreme Court in
 
 Maggio v. Florida Department of Labor and Employment Security,
 
 899 So.2d 1074 (Fla. 2005), construed the use of the word “may” in a similar context to impose mandatory pre-suit requirements under the Florida Civil Rights Act. The language of the act at issue in
 
 Maggio
 
 is similar to the language at issue in the Act. The Civil Rights Act provides in pertinent part:
 

 Any person aggrieved by a violation of sections 760.01-760.10 may file a complaint with the commission (FCHR) within 365 days of the alleged violation, naming the employer, employment agency, labor organization, or joint labor-management committee....
 

 (Emphasis added). The operative language at issue in the Act is that:
 

 Any employee or applicant for employment with any State agency, ... who is discharged, disciplined, or subjected to other adverse personnel action, or denied employment, because he or she en
 
 *146
 
 gaged in an activity protected by this section may file a complaint, which complaint must be made in accordance with section 112.31895.[
 
 4
 
 ]
 

 (Emphasis added). The
 
 Maggio
 
 court described section 760.11(1) as containing a set of “pre-suit administrative procedures” with which the claimant must comply prior to filing a civil action. Similarly, in
 
 Ross v. Jim Adams Ford, Inc.,
 
 871 So.2d 312, 315 (Fla. 2d DCA 2004), the Second District noted:
 

 Section 760.11 establishes administrative and civil remedies for violations of the Florida Civil Rights Act. Although this statute states that a complaint “may” be filed with the Florida Commission [on Human Relations], it is clear that such a complaint must be filed either with the Commission or its federal counterpart by anyone who wishes to pursue either a lawsuit or an administrative proceeding under this act.
 

 (Emphasis added).
 

 The Fourth District has also construed similar use of the word “may” as requiring the filing of a complaint with the FCHR under the Fair Housing Act. In
 
 Belletete v. Halford,
 
 886 So.2d 308, 310 (Fla. 4th DCA 2004), the court held that language that an aggrieved tenant “may” file a complaint with the FCHR creates a requirement that one who wishes to pursue a lawsuit or an administrative proceeding for a violation of the act must first file a complaint with the FCHR.
 

 Although there is no case that directly addresses the issue whether an aggrieved public employee is required under the Act to first file a complaint with the FCHR prior to bringing a civil action, there are several cases arising under subsection (b) of section 112.3187 that apply to local government employees. These cases are useful because subsection (b) also provides that an aggrieved party “may” file a complaint with the appropriate local government authority. These cases have consistently held that an aggrieved employee must exhaust his or her administrative remedies prior to filing suit.
 
 See, e.g., Browne v. City of Miami,
 
 948 So.2d 792 (Fla. 3d DCA 2006);
 
 Bridges v. City of Boynton Beach,
 
 927 So.2d 1061 (Fla. 4th DCA 2006);
 
 Ujcic v. City of Apopka,
 
 581 So.2d 218 (Fla. 5th DCA 1991);
 
 Dinehart v. Town of Palm Beach,
 
 728 So.2d 360, 362 (Fla. 4th DCA 1999).
 

 One additional case that discusses pre-suit requirements under the Act is
 
 Florida Department of Education v. Garrison,
 
 954 So.2d 84 (Fla. 1st DCA),
 
 review denied,
 
 966 So.2d 966 (Fla.2007). In
 
 Gamson
 
 the issue was whether the pre-suit notice requirements of section 768.28 are applicable to a cause of action brought pursuant to the Act.
 
 [5]
 
 The court found that the section 768.28 pre-suit notice requirements are not applicable to the Act because
 

 it contains its own detailed administrative pre-suit notice requirements, sets forth a plethora of other conditions that must be satisfied before a claim can be successfully brought under its provisions, and explicates the particular remedies available to an aggrieved employee (including the filing of a “civil cause of action” once certain pre-requisites have been met).
 

 Id.
 
 at 86. The
 
 Garrison
 
 court further described the Act as a “stand alone statutory scheme designed to provide an aggrieved party with a remedy against the
 
 *147
 
 State or its agencies or subdivisions under certain, specified conditions.”
 
 Id.
 
 In reaching this conclusion, the
 
 Garrison
 
 court found
 
 Maggio
 
 controlling. In
 
 Mag-gio,
 
 the Supreme Court held that the pre-suit notice requirement of section 768.28(6) has no application to the Florida Civil Rights Act of 1992 because of the inclusion of detailed pre-suit requirements within the act itself. The
 
 Maggio
 
 court’s decision was based upon its interpretation of the statutory language of the Civil Rights Act. The
 
 Garrison
 
 court found the statutory language of the Act substantially similar to that of the Florida Civil Rights Act.
 

 Turkiewicz finally argues that he
 
 did
 
 seek an administrative remedy prior to filing suit by following UCF’s multi-step grievance process and that he filed his court action within 180 days of UCF President Hitt’s final order upholding his non-reappointment. Turkiewicz urges that “these actions should be sufficient” to satisfy the pre-suit notice requirements, especially since the act is to be liberally construed to further its general purposes. Turkiewicz’s argument is not persuasive because there is easily a distinction between UCF’s internal grievance process and the detailed administrative procedure outlined in section 112.31895, which is designed to give the state an opportunity to identify and expeditiously resolve meritorious claims.
 

 Because the Act requires an aggrieved employee to seek administrative relief by filing a complaint with the FCHR prior to the filing of a civil action, UCF is entitled to certiorari relief.
 

 PETITION GRANTED; ORDER QUASHED.
 

 MONACO, C.J., and TORPY, J., concur.
 

 [1]
 

 . §§ 112.3187-.31895, Fla. Stat. (2005).
 

 [2]
 

 . Regulation 6C7-3.0132 defines “grievance” as a "dispute concerning the interpretation or application of a university or State Board of Education rule, regulation, or policy.”
 

 [3]
 

 . Subsection (b) is a similar provision which applies to any local public employee. It provides that such a person
 

 may file a complaint with the appropriate local governmental authority, if that authority has established by ordinance an administrative procedure for handling such complaints or has contracted with the Division of Administrative Hearings under s. 120.65 to conduct hearings under this section ... Within 180 days after entry of a final decision by the local governmental authority, the public employee who filed the complaint may bring a civil action in any court of competent jurisdiction. If the local governmental authority has not established an administrative procedure by ordinance or contract, a local public employee may, within 180 days after the action prohibited by this section, bring a civil action in a court of competent jurisdiction. For purpose of this paragraph, the "local governmental authority” includes any regional, county or municipal entity, special district, community college district, or school district or any political subdivision of any of the foregoing.”
 

 (Emphasis added). Subsection (c) applies to "any other person protected by this section”. Under subsection (c), those persons may, "after exhausting all available contractual or administrative remedies, bring a civil action in any court of competent jurisdiction within 180 days after the action prohibited by this section.”
 

 [4]
 

 . Section 112.31895 simply provides that the complaint must be made in writing at the Office of the Chief Inspector General in the executive office of the governor or with the Florida Commission on Human Relations.
 

 [5]
 

 . Section 768.28 is the State’s waiver of sovereign immunity for tort actions.