# DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
## FOURTH DISTRICT

**STATE OF FLORIDA, DEPARTMENT OF LEGAL AFFAIRS, OFFICE OF THE ATTORNEY GENERAL, PAMELA JO BONDI,** on behalf of **CAROLYN HOFFMAN,**
Appellant,

v.

**LEISURE VILLAGE, INC. OF STUART,**
Appellee.

No. 4D14-220

[April 22, 2015]

Appeal from the Circuit Court for the Nineteenth Judicial Circuit, Martin County; Lawrence M. Mirman, Judge; L.T. Case No. 432013CA 000765.

Pamela Jo Bondi, Attorney General, and Danille Renee Carroll, Assistant Attorney General, Tallahassee, for appellant.

Daniel M. Schwarz and Scott A. Cole of Cole Scott & Kissane, P.A., Miami, for appellee.

PER CURIAM.

The State of Florida Department of Legal Affairs, on behalf of Carolyn Hoffman ("Plaintiff"), appeals the trial court's order dismissing Plaintiff's complaint alleging a denial of reasonable accommodations by Leisure Village, Inc. of Stuart ("Leisure Village"). Plaintiff brought her claim for injunctive and other statutory relief pursuant to Florida's Fair Housing Act ("FHA") after her request for an accommodation for her service dog was denied. Plaintiff asserts the trial court erred by dismissing Plaintiff's case based on collateral estoppel and law of the case. We agree and reverse.

The parties were previously engaged in litigation that ended with a settlement stipulation that Plaintiff could keep the pet she had at the time, so long as she also agreed to not get another pet once that dog passed away. Her prior stipulation also included an agreement that required her to move from Leisure Village if she ever got another pet.

After Plaintiff's first dog died in 2010, she was diagnosed with chronic depression soon thereafter. Her treating psychiatrist recommended that she get another pet, an "emotional support dog," to help optimize her treatment. Based on this recommendation, Plaintiff's attorney made a request to Leisure Village for an accommodation for the support dog, which Leisure Village denied. Despite her request being rejected, Plaintiff nonetheless obtained another dog a month later.

When Leisure Village asked the trial court to enforce the parties' prior stipulation, Plaintiff filed a complaint with the U.S. Department of Housing and Urban Development ("HUD") claiming a violation of the FHA. This complaint was subsequently transferred to the Commission on Human Relations ("the Commission"). However, before the Commission made its finding, the trial court ordered Plaintiff to remove her dog from the property.

Approximately three months after the trial court ordered Plaintiff to remove her dog from the property, the Commission completed its investigation and issued its finding of cause, thus allowing Plaintiff to pursue her claim in court. After unsuccessfully filing a claim in federal court, Plaintiff filed another complaint in the trial court that set forth allegations of discriminatory housing practices under the FHA, and argued that she had an independent right under the FHA to keep the dog.

The trial court ultimately dismissed Plaintiff's case, finding that her cause of action for Leisure Village's alleged violation of the FHA was barred by collateral estoppel and law of the case. This appeal followed.

An exhaustion of administrative remedies was required for the trial court to have subject matter jurisdiction of Plaintiff's FHA claim. *See Belletete v. Halford*, 886 So. 2d 308, 310 (Fla. 4th DCA 2004). Because exhaustion of administrative remedies was a statutory prerequisite for filing suit, Plaintiff could not have initiated a civil action under the FHA until the review was completed by the Commission. To exhaust her remedies, the Commission must have ruled on the complaint at issue. Here, the Commission did not complete its investigation into her FHA complaint and did not make a finding until three months after the court's order. As such, Plaintiff's administrative remedies were not exhausted when the court issued its ruling, and thus the trial court lacked subject matter jurisdiction to rule on her FHA claim such that collateral estoppel would apply to the court's findings.

The trial court also ruled that this case "falls under the doctrine of law of the case, which precludes from litigation issues necessarily ruled upon by the court, which it was.  But also issues which appeal could have been taken, but were not, which is what this is."  The law is well-settled that law of the case principles do not apply unless the issues are decided on appeal.  *See Fla. Dep't of Transp. v. Juliano,* 801 So. 2d 101, 105-06 (Fla. 2001).  Leisure Village concedes that because Plaintiff never appealed the prior order, the law of the case doctrine does not apply to these circumstances.  It argues instead that the trial court mistakenly used the phrase "law of the case" when it intended to find that Plaintiff actually waived her rights to bring her fair housing claim by failing to appeal.  We find this argument to be without merit.  The trial court's handwritten order specifically denied Leisure Village's motion to dismiss based on "waiver," and granted plaintiff's motion to dismiss on the grounds of "collateral estoppel" and "law of the case."

For the reasons set forth herein, we reverse the trial court's finding that the instant case was barred by collateral estoppel and law of the case, and remand for proceedings in accordance with this opinion.

*Reversed and Remanded.*

STEVENSON, CIKLIN and KLINGENSMITH, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***