IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED


SEMINOLE COUNTY, FLORIDA,

      Petitioner,

v.

Case No.  5D22-2883
LT Case No. 2022-CA-1729

APM CONSTRUCTION CORPORATION,

      Respondent.

_____/

Opinion filed May 19, 2023

Petition for Certiorari Review of Order
from the Circuit Court for Seminole County,
Jessica J. Recksiedler, Judge.

Michael C. Sasso, David F. Tegeler, and
Christian Bonta, of Sasso & Sasso, P.A.,
Winter Park, for Petitioner.

Rosemary Hanna Hayes, Carly Marie
Newman, and Paula Marie Bird, of Hayes
& Newman, PL, Orlando, for Respondent.


LAMBERT, C.J.

Petitioner, Seminole County, Florida ("Seminole County"), seeks certiorari review of the trial court's order denying its motion to dismiss the complaint filed against it by Respondent, APM Construction Corporation ("APM"). Seminole County asserts that APM filed suit before exhausting the presuit administrative remedies required under the parties' contract and that the trial court's denial order allowing the litigation to proceed prior to the exhaustion of these remedies is a departure from the essential requirements of the law causing it irreparable harm. For the following reasons, we grant the petition.

The parties entered into a written contract for the construction of the Seminole County Fire Station Number 11. Prior to the project's completion, Seminole County terminated the contract for cause. Not long thereafter, APM filed suit alleging causes of action for breach of contract (count one); prompt payment under the Local Government Prompt Payment Act (count two); violation of Florida's Sunshine Law (count three); and violation of Florida's Public Records Act (count four).[1]

Seminole County moved to dismiss the complaint arguing that, under the contract documents, which consist of the contract itself, the General

---

[1] Seminole County is not seeking relief regarding the denial of its motion to dismiss counts three and four.

2

Conditions, and the Seminole County Administrative Code, APM was required to first exhaust the administrative dispute resolution procedures prior to filing suit. Seminole County points to section 18 of the contract, titled Dispute Resolution, that provides, in pertinent part:

(a) In the event of a dispute related to any performance or payment obligation arising under this Agreement, the parties shall exhaust COUNTY administrative dispute resolution procedures prior to filing a lawsuit or otherwise pursuing legal remedies. . . .

(b) In any lawsuit or legal proceeding arising under this Agreement, [APM] hereby waives any claim or defense based on facts or evidentiary materials that were not presented for consideration in COUNTY administrative dispute resolution procedures set forth in subsection (a) above of which [APM] had knowledge and failed to present during COUNTY administrative dispute resolution procedures.

APM does not dispute that it filed suit without first pursuing or exhausting the presuit administrative remedies under the contract.[2] Its position below and here is that the alternate dispute resolution provisions of the parties' contract were intended to resolve disputes that arose during construction, not after Seminole County's unilateral termination of the contract.

_____

[2] The nature of the administrative dispute resolution procedures under the County's Administrative Code are not critical to our resolution.

3

The trial court denied Seminole County's motion to dismiss by unelaborated order without a hearing. The County timely filed its instant petition.

To obtain a writ of certiorari, a petitioner, such as Seminole County here, must show that the nonfinal order entered is "(1) a departure from the essential requirements of the law, (2) resulting in material injury for the remainder of the case (3) that cannot be corrected on postjudgment appeal." *Golub v. Golub*, 325 So. 3d 164, 170 (Fla. 5th DCA 2021) (quoting *Williams v. Oken*, 62 So. 3d 1129, 1132 (Fla. 2011)). These "second and third prongs are sometimes collectively referred to as the 'irreparable harm' element, and they are jurisdictional." *Id.* (citing *Fla. Dep't of Agric. & Consumer Servs. v. Mahon*, 293 So. 3d 1091, 1095 (Fla. 5th DCA 2020)).

We first address whether Seminole County has shown the requisite irreparable harm. Typically, certiorari relief is not available for the denial of a motion to dismiss. *Cuneo v. Conseco Servs., LLC*, 899 So. 2d 1139, 1140 (Fla. 3d DCA 2005). This rule, though, is not without exceptions. Pertinent here, certiorari jurisdiction is properly exercised when a trial court permits a party to litigate when there is a contractual or legal obligation to first proceed administratively. *Univ. of Cent. Fla. Bd. Of Trs. v. Turkiewicz*, 21 So. 3d 141, 144–45 (Fla. 5th DCA 2009); *Metro Dade Cnty. v. Recchi Am., Inc.*, 734 So.

4

2d 1123, 1125 (Fla. 3d DCA 1999). The rationale for an appellate court exercising its certiorari jurisdiction in these circumstances is that any error committed by the trial court in not requiring a party to exhaust presuit administrative remedies cannot be rectified post-judgment since one of the purposes of the presuit administrative remedy is to avoid the filing of the lawsuit in the first instance. *Cf. Turkiewicz*, 21 So. 3d at 145 (finding irreparable harm because the statutory requirement of presuit notice and screening cannot be meaningfully enforced post-judgment where the purpose of presuit screening is to avoid the filing of the lawsuit).

Applying this reasoning, we find that irreparable harm has been shown and certiorari jurisdiction properly lies. This leaves the remaining question—whether the trial court's order denying Seminole County's motion to dismiss constituted a departure from the essential requirements of the law. Our standard of review is de novo. *Cf. Serchay v. State Farm Fla. Ins.*, 25 So. 3d 652, 654 (Fla. 4th DCA 2010) (applying the de novo standard of review to trial court's order granting a motion to dismiss for the plaintiff's failure to exhaust his administrative remedies).

We conclude that the trial court's order constitutes such a departure. Our ruling is supported by the Third District Court's opinion in *Recchi*. There, Dade County moved to dismiss the plaintiff/contractor's complaint for breach

5

of the parties' construction contract because the contractor had not exhausted the administrative remedies required under the contract before filing suit. 734 So. 2d at 1124. The trial court denied the county's motion to dismiss, and Dade County sought certiorari relief. *Id.*

The Third District Court granted the writ of certiorari. *Id.* The court observed that the contractor signed the construction contract knowing that it contained required presuit dispute resolution procedures and that it was not at liberty to thereafter proceed in circuit court without first exhausting the administrative remedy. *Id.* at 1125.

APM argues that *Recchi* is distinguishable because in that case, Dade County had not terminated the contract prior to plaintiff filing suit while here, Seminole County terminated the contract. APM asserts that, under these circumstances, Seminole County cannot now attempt to enforce a contract with presuit administrative remedy requirements that it had terminated. For the following reasons, we are not persuaded.

First, the parties' contract specifically provides that where APM's services have been terminated by Seminole County, the termination "shall not affect any rights that Seminole County may have against [APM] then existing or which may thereafter accrue." Second, nothing in the contract shows that the parties intended to expressly exclude post-termination

6

disputes such as the one brought by APM from the scope of its presuit administrative dispute resolution provisions. *See Silverpop Sys., Inc. v. Leading Mkt. Techs., Inc.*, 641 F. App'x 849, 857 (11th Cir. 2016) ("While contractual obligations may expire upon the termination of a contract, provisions that are structural (e.g., relating to remedies and the resolution of disputes) may survive that termination."); *see also Fla. Woman Care LLC v. Nguyen*, 329 So. 3d 146, 151 (Fla. 4th DCA 2021) ("Generally, dispute-related provisions, such as forum selection clauses, are enforceable beyond the expiration of the contract if they are otherwise applicable to the disputed issue and the parties have not agreed otherwise." (quoting *U.S. Smoke & Fire Curtain, LLC v. Bradley Lomas Electrolok, Ltd.*, 612 F. App'x 671, 672–73 (4th Cir. 2015))); *Auchter Co. v. Zagloul*, 949 So. 2d 1189, 1194 (Fla. 1st DCA 2007) (holding that "[a]rbitration provisions are to be construed to require arbitration of disputes arising after the cancellation of the underlying contract unless such disputes are specifically excluded from arbitration," and therefore reasoning that where "post-termination disputes are not expressly excluded from the scope of the dispute resolution provisions of the contract, [the court] must construe them as intended to be included"). We therefore conclude and hold that the presuit administrative remedy provisions of the contract were intended to and did survive its purported termination.

In summary, APM signed a contract in which it agreed that: (1) disputes regarding contract performance *shall* require the exhaustion of the administrative dispute resolution procedures prior to the filing of a lawsuit; and (2) the termination of APM's services under the contract by Seminole County shall not affect any rights Seminole County may have against APM. Furthermore, the contract contained no language that expressly excluded post-termination disputes—such as the claims being asserted in counts one and two of APM's complaint—from the scope of the presuit administrative dispute resolution process. Lastly, we discern no present basis in the record to conclude that the required presuit administrative dispute resolution procedures will be futile. *See State Dep't of Envtl. Prot. v. PZ Constr. Co.*, 633 So. 2d 76, 79 (Fla. 3d DCA 1994) ("A court should not infer that an administrative remedy is not available in the absence of a showing that the party seeking relief has pursued the administrative remedy without success.").

We therefore grant Seminole County's petition for writ of certiorari, quash the order denying its motion to dismiss, and remand for further proceedings consistent with this opinion.

PETITION GRANTED; ORDER QUASHED.

MAKAR and EDWARDS, JJ., concur.

8